## ECTOR *v.* THE STATE.

120 543
124 103

1. Judicial cognizance will be taken of the value of denominational coin of the United States, and in a larceny case proof that such coins were stolen will be sufficient to authorize the jury to infer the value which the coins represent.

2. The credibility of a witness is always for the determination of the jury; and it was not error to instruct the jury that a witness may be believed, although "impeached" for general bad character, if the jury believes the witness has sworn the truth. The use of the word "impeached," in this con-

nection, was the equivalent of saying "attacked" or "assailed," and the charge was not calculated to mislead the jury.

3. There was sufficient evidence to warrant the verdict.

Argued June 20, — Decided July 12, — Rehearing denied August 9, 1904.

Accusation of simple larceny. Before Judge Foute. City court of Cartersville. May 2, 1904.

*James B. Conyers*, for plaintiff in error.
*Samuel P. Maddox, solicitor-general*, contra.

EVANS, J. Upon conviction of the crime of simple larceny, Lewis Ector made a motion for a new trial. It was overruled, and he excepts to .the refusal of a new trial. The accusation charged the defendant with wrongfully and fraudulently taking and carrying away, with intent to steal, one pocket-book of the value of one dollar, and eleven dollars in money of the value of eleven dollars, the property of Mrs. Lydia Huey. Mrs. Huey testified, that she did not remember how much money was in the pocket-book, but thought it contained between seven and eight dollars; there was money of small denomination in it, and she distinctly remembered two new one-cent pieces; she thought there was a five-dollar bill, a two-dollar bill, and the remainder was in small change. This was substantially all the evidence relating to the value of the contents of the pocket-book. There was no proof that the pocket-book itself was of value.

1. In his motion for a new trial, the plaintiff in error makes the point that the evidence was insufficient to show any value of either the pocket-book or its contents. We do not think this exception is well taken. The proof was positive that the purse alleged to have been stolen contained money. While Mrs. Huey was uncertain as to the amount and the various denominations of money in the purse, she was positive that the contents included two one-cent pieces. Courts will take judicial cognizance of the various denominations of coins issued under authority of the United States. If the proof had been that the one-cent pieces were coins of the United States, then certainly no other proof of value would have been necessary. The denomination of the coin would import value, because all values are measured by the standards of money as fixed by the government. Grant *v.* State, 55 Ala. 201. In a gambling case it was held that the courts will judicially notice that money is a thing of value. *Grant* v. *State*,

89 *Ga.* 393.     It is not necessary to minutely describe in an indictment each particular bill or coin alleged to have been stolen; a general allegation describing the stolen property as "two thousand dollars of gold and silver coin, of the value of two thousand dollars, and five thousand dollars in bank bills of the value of five thousand dollars," has been held a sufficient description. *Berry* v. *State,* 10 *Ga.* 511.  See also *Blount* v. *State,* 76 *Ga.* 17; *Crofton* v. *State,* 79 *Ga.* 584; *Cody* v. *State,* 100 *Ga.* 110. Neither is it necessary to allege that the money converted was lawful currency of the United States.     *Watson* v. *State,* 64 *Ga.* 61.    When the proof shows that "money" was stolen and that a part of that money consisted of two one-cent pieces, the plain inference is that the one-cent pieces were money of that denomination and value:     And if it is not necessary to allege that the money was lawful currency (*Watson's* case, supra), it would not be necessary to prove it was lawful currency, but the courts will judicially notice the denominational value of the money proved to have been stolen.   The proof could not have made the value of the money any clearer had it disclosed that a one-cent piece is of the value of one cent.   The evidence was sufficient to authorize the jury to infer the value of the stolen money.

2. There was no error in the charge of the court on the subject of the impeachment of witnesses.    The charge to which exception is taken is as follows:     "The court charges you that although a witness may be impeached by either one of the ways known to the law, you would be authorized to believe the witness if you believe the witness has sworn the truth in this case; this is the question now for you.    If you believe this witness that has been thus impeached, you are authorized to believe his testimony if you believe he has sworn the truth in this case."   The credibility of a witness is always for the determination of the jury.   His character may be assailed; his previous contradictory statements as to material matters relevant to the case may be brought against him; but notwithstanding these attacks, his credibility is for the jury and they may believe him despite the evidence submitted to impeach, if they believe he swears truly.   This principle has been so often promulgated that it is hardly necessary to bolster it by authority.   It may not be amiss, however, to cite a case where the conviction was upheld although the sole witness for the State

was shown by other witnesses to be a man of bad character and had made contradictory statements. *Davis* v. *State*, 94 *Ga.* 399.

3. It is not necessary to review the testimony further than to say an eye-witness saw the defendant pick up the pocket-book, which contained six or seven dollars, including two bright new one-cent pieces; that the defendant was arrested shortly afterwards, and had on his person eleven dollars in money and two bright new one-cent pieces; that he made no explanation where he got the money, other than he said he worked for it; and that he denied finding the pocket-book or money when the owner's agent asked him for it.     The verdict was supported by the evidence.         *Judgment affirmed.     All the Justices concur.*