18893. LACY *v.* THE STATE.
18894. SPRAGGINS *v.* THE STATE.

DECIDED JUNE 12, 1928.

*Porter & Mebane,* for plaintiff in error.
*Alec Harris, solicitor,* contra.

LUKE, J. Lacy and Spraggins were each convicted of possessing intoxicatng liquor, and each contends that the court erred in charging as follows: "But it is for you to determine the credit to be given the testimony of a witness, though impeached from general bad character, or for any other cause known to the law. If you find a witness has been impeached in this case, it is still for you to say whether you believe such testimony or not, under the circumstances and facts of this case." It is contended that in using the words, "though impeached," etc., in the first sentence of the quoted excerpt, the court told the jury that it was their duty to determine the credit to be given the testimony of an impeached witness, "and in effect nullified the right and duty of the jury under the law to pass upon the question of whether a witness had been successfully impeached or not." It is further urged that the effect of the last sentence of the excerpt was to tell the jury that it was their duty to say whether or not they believed impeached testimony, to destroy the effect of the impeaching testimony, and to re-

quire the jury to accept and believe the testimony of a witness wh) had been impeached.

1. The foregoing charge was inaccurate and incomplete, in the light of the following rule laid down in *Smith* v. *State,* 109 *Ga.* 479 (2) (35 S. E. 59) : "Giving the word 'impeached' its strictly proper signification as applied to witnesses, a witness whose 'unworthiness of credit is absolutely established in the mind of the jury' is impeached and ought not to be believed unless corroborated. It is, however, always a question for them whether or not any witness has been impeached." See also *Powell* v. *State,* 101 *Ga.* 9 (5) (29 S. E. 309, 65 Am. St. R. 277) ; and *Duncan* v. *State,* 97 *Ga.* 180 (25 S. E. 182).

2. Viewing the charge as a whole and the excerpt under consideration, in the light of *Ector* v. *State,* 120 *Ga.* 543 (2) (48 S. E. 315), the words "though impeached," in the first sentence of the excerpt, are equivalent to "though sought to be impeached," and the word "impeached," in the last sentence of the excerpt, has the significance of "attacked;" and the charge was not calculated to mislead the jury for any reason assigned.

3. The foregoing disposes of the only special assignment of error, and the evidence practically demanded the verdict of guilty in both cases.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*