25218, 25219. FINCHER v. FROST et al.; and vice versa.

ARGUED JUNE 11, 1969—DECIDED JULY 10, 1969.

Adams, O'Neal, Steele, Thornton & Hemingway, Kice H. Stone, Richard B. Thornton, Thomas W. Talbot, for appellant. Shi & Raley, F. Robert Raley, for appellees.

MOBLEY, Justice. The custody of two minor children is the issue in these cases.

Custody was awarded to R. W. Frost, an uncle of the children, by the Juvenile Court of Bibb County in 1959. On October 29, 1968, Frost filed a petition for writ of habeas corpus against the mother of the children, Mrs. Hazel Fincher, the main appellant here, alleging illegal detention of the children by her. Mrs. Fincher filed an answer and counterclaim, alleging a change in circumstances affecting the welfare of the children, and praying that she be awarded custody. The case was referred to the Juvenile Court of Bibb County and the number of this case in the Juvenile Court is 17,482.

On December 11, 1968, the Probation Officer of Bibb County, at the direction of the juvenile judge pro tempore, filed a petition in the juvenile court against the appellant, Mrs. Fincher, and the appellee, Frost, alleging that the children were without proper guardian. The number of this case is 17,542.

These two cases, with consent of counsel, were tried together and a separate judgment was rendered in each case. In No. 17,482, the habeas corpus case, the relief sought by the uncle and the mother was denied. In No. 17,542, the custodial rights of both

were terminated and temporary custody was assumed by the juvenile court.

The mother appealed from the judgment in No. 17,482, refusing award of custody of the children to her as prayed in her counterclaim, and in No. 17,542, from the judgment terminating her custodial rights and enjoining her from contacting the children. Frost appealed from the judgment in No. 17,482, denying his prayer for the issuance of the writ of habeas corpus and award of custody of the children to him, and from the judgment in No. 17,542, removing him as legal custodian.

■ The first enumeration of error of the mother alleges that J. Alton Gladin was not authorized by law to preside over Case No. 17,542, where her custodial rights were terminated, and that the judgment rendered by him was a nullity.

It appears that on November 19, 1968, Judge Bell of the Superior Court of Bibb County appointed J. Alton Gladin Judge Pro Tempore of the juvenile court because of the death of the judge of the juvenile court, to serve "until a Judge of the Bibb Juvenile Court is appointed." Obviously, his authority to act expired upon appointment and qualification of a judge of the juvenile court. It further appears that on February 12, 1969, Othniel W. McGehee was Judge of the Juvenile Court of Bibb County, and acting as such, issued an order reciting that he was disqualified to serve in Case No. 17,482 and appointing J. Alton Gladin as Judge Pro Tempore of the Juvenile Court of Bibb County to preside in the case and with full authority in the premises.

Gladin only had authority under this order to serve in that particular case. There is nothing in the record or in the briefs showing that he was authorized to serve in Case No. 17,542. Thus the judgment rendered in that case is a nullity and must be reversed.

■ We now consider enumerations of error 3, 4, and 5 filed by the mother, Mrs. Fincher, as to Case No. 17,482, alleging that the court erred in admitting oral testimony elicited from the witness James L. Fincher, the husband of the mother, of his prior conviction of a crime, and of his conviction of misdemeanors not involving moral turpitude and traffic violations,

over the objection that the records were the highest and best evidence; and in admitting oral testimony of the witness James L. Fincher of a pending criminal indictment against him, over the objection that the record was the highest and best evidence, and because an accusation is nothing without a conviction.

In *Carroll v. Crawford*, 218 Ga. 635 (129 SE2d 865), a child custody case in which almost the identical question was made, it was held that it was error to allow oral testimony of the indictment of the mother and the conviction of her husband, over the objection that the records would be the highest and best evidence. It was error in the present case for the judge to require James L. Fincher to testify in regard to his previous convictions and the pending indictment against him, over the objection that the records were the highest and best evidence.

■ Since the erroneous admission of the evidence referred to in the foregoing division will require a reversal of the judgment in Case No. 17,482, and the judgment in Case No. 17,542 has been reversed because of the lack of authority of the judge pro tempore to hear the case, the whole matter concerning the custody of these children will have to be reheard. The evidence on another trial may be different from that on the trial under review, and it is therefore unnecessary to determine whether the court erred in denying Mrs. Fincher the relief sought in her counterclaim. Other errors enumerated by her will not likely occur on another trial.

Since a reversal of both judgments is required on the appeal of Mrs. Fincher, the cross appeal of Frost, which also seeks a reversal of these judgments, is dismissed.

*Judgments reversed on the main appeal; cross appeal dismissed. All the Justices concur.*