## 27067.   SIMS v. THE STATE.

GUNTER, Justice. The appellant was tried for murder and attempted armed robbery and found guilty by a jury. His motion for a new trial, as amended, was denied by the trial court. He has appealed.

The appellant's contentions here relate solely to whether there was sufficient evidence for the jury to have found that the appellant had aided and abetted others in the commission of the murder and the attempted armed robbery, both of which in fact took place.

The appellant's written statement, found by the trial judge to have been freely and voluntarily given in accordance with legal requirements, was introduced in evidence without objection as State's Exhibit No. 6. It was as follows:

"On the night the man got shot at the motel I met up with Lafayette Sheats and Mike Terrell on the parking lot at Bethel Homes. I had my .22 pistol in my pocket. I asked Lafayette to take me home and he told me to drive myself home but that we had to stop by the Macon Highway. I started driving and put my pistol in the dash and then I put it on the seat. Lafayette started talking about pulling a Roscoe on the motel. That meant robbing it. Mike said that he didn't care. I stopped the car and pulled in the driveway below the motel. Lafayette asked Mike to go with him and Mike got my gun off of the front seat. It was raining and I couldn't see good. I heard a noise that sounded like somebody beating on tin. Then I heard a couple of shots and then I heard a couple of more shots and looked and saw them running towards the car. Mike jumped in the back and Lafayette in the front and told me to pull on off. Lafayette said when the man pulled his gun he shot in the window at him. Mike said that he thought he had shot the man. I drove on home and took both of the guns and carried them into my house. Two or three days later I sold the gun that Lafayette had used to a white boy who was working at

the downtown Varsity. I don't know his name, but I would know him if I saw him. I sold my gun about a month later to Gumbo. Right after we left Bethel Homes, Mike, Lafayette and Billy Campbell, with me driving, went to a septic tank place down the street that comes down by the side of the A. & P. Mike and Billy went into the place and Mike came back and put a TV in the boot, and Billy Campbell had the gun that Lafayette used later that night at the motel. Lafayette stayed with me at the car when they went in the septic tank place. I drove Billy back to Bethel Homes and let him out, and then Lafayette, Mike and me went to the motel. I didn't know they were going to rob the place until I got to the Kentucky Fried Chicken place. I didn't know they were goin' to shoot anybody."

The State also introduced testimony of Mike Arnold, an accomplice in the commission of the attempted armed robbery and murder, which clearly established that the appellant participated in the preparation for the attempted armed robbery, the departure from the scene of the attempted robbery and murder, and the disposal of the guns utilized in the commission of attempted armed robbery and murder.

In the case of *Wade v. State,* 195 Ga. 870, 876 (25 SE2d 712) this court said: "This court, in *Partee v. State,* 67 Ga. 570, 572, which involved the crime of burglary, laid down the unequivocal rule that a confession alone is sufficient to corroborate the testimony of an accomplice, so as to support a verdict of guilty."

In this case the incriminating written statement made by the appellant was introduced in evidence; it corroborated the testimony of the accomplice; the testimony of the accomplice corroborated the written incriminating statement of the appellant; and, in addition, there was other evidence corrborating the testimony of the accomplice and the written incriminating statement of the appellant.

The contentions made by the appellant in this appeal are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 20, 1972.

*Ken Stula,* for appellant.

*Thomas W. Ridgway, District Attorney, Charles T. Shean, III, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.