### 28048. MOORE v. THE STATE.
### 28049. BROWN v. THE STATE.

NICHOLS, Justice. Willie George Moore and Joseph Edward Brown were jointly indicted, tried and convicted of three counts of armed robbery and each filed an appeal to this court.

On the trial of the case an alibi witness, in response to questions on direct examination testified in part as follows: "Q. Have you ever been convicted of any crime? A. Yes, I have. Q. What type? A. I was charged here in Athens for shoplifting. Elbert County for shoplifting and Jackson County for armed robbery. I have served my time for all of it."

The charge to the jury was in part as follows: "Now, Ladies and Gentlemen, under our law a witness may be impeached by proof that the witness has been convicted of a crime involving moral turpitude, a felony. And I charge you that robbery, either armed robbery or robbery, is a felony and that *one of the witnesses who has testified in this case, has admitted her conviction of that felony and that her testimony therefore stands impeached*. . .If you should determine that any witness has been impeached. . .by proof of a crime involving moral turpitude on the part of the witness. . .the weight and credit to be given by you to all or any part of that witness' testimony in this case is for you to determine and in such an event, you may believe such parts of the witness' testimony and disbelieve such other parts of the witness' testimony as you may deem proper from all of the evidence submitted to you. Now with respect to any witness who has taken the stand on oath and had not been impeached, in one of these two methods, the law imputes perjury to no one and makes it your duty to reconcile conflicting testimony in so far as you can, by unimpeached witnesses in such a way as to impute perjury to none of them. If this cannot be done, you will then believe that witness' or those witnesses' testimony that is most credible to you

under the light of all facts and circumstances of the case. . ."(Emphasis supplied.)

1. The contention is made that the quoted testimony of the witness was insufficient to prove the convictions therein testified to. If objection had been made, it would have been error to admit such testimony. See *Howard v. State,* 144 Ga. 169 (2) (86 SE 540). The evidence was not only not objected to, but was adduced by the defense. Accordingly, it was admissible as secondary evidence. See *Taylor v. State,* 83 Ga. 647, 657 (10 SE 442); *Norman v. State,* 121 Ga. App. 753 (3) (175 SE2d 119).

2. Complaint is made that the italicized portion of the charge had the effect of removing the question of credibility of a witness from the jury's consideration. While the use of the words "stands attacked" rather than "stands impeached" would have been a better choice of words, yet, under decisions of this court exemplified by *Ector v. State,* 120 Ga. 543 (48 SE 315); *Powell v. State,* 101 Ga. 9 (29 SE 309, 65 ASR 277); and *Smith v. State,* 109 Ga. 479 (35 SE 59), when such excerpt from the charge is considered with the complete charge on the subject of impeachment of witnesses, no reversible error appears.

3. The evidence authorized the convictions and no error of law appearing, they must be affirmed.

*Judgments affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED JUNE 29, 1973 — DECIDED OCTOBER 26, 1973.

*James E. McDonald, Jr., Stan Durden,* for appellants.

*Harry N. Gordon, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, IV, Assistant Attorneys General,* for appellee.

INGRAM, Justice, dissenting. I respectfully dissent to Division 2 of the majority opinion. It is necessary only because I am not persuaded the jury charge on impeachment can be approved, particularly in the circumstances of this case. The majority indicate, and I believe the trial judge will agree, that at least a portion of it is questionable. I acknowledge that it is far easier to criticize than to create, and my own trial experience convinces me that it is impossible for a trial judge, with the pressure of one trial after another, to give perfect charges. Litigants and appellate judges should not expect it. Nevertheless, I am concerned that this

jury may have been confused by the charge on impeachment as to their authority and responsibility in considering the testimony of the defendant's alibi witness in this case. As I view the law, the jury always has the last word in determining whether a witness has or has not been impeached. As observed in the majority opinion, the jury was instructed in one place that the witness' testimony "stands impeached." I believe the average layman, intelligent as he or she may be, considers this sort of statement to mean that the judge is saying you ought not to believe that witness and can disregard her testimony. This is what I view as legal error because, if my premise is correct, it had to be harmful. This was an alibi witness and the jury could have accepted her testimony despite the bad character she admitted through her confession of a prior felony conviction. If her testimony were true, the defendant could not have committed the crime for which he was being tried and the jury may have exonerated him. The pedestal point is that it was for the jury to decide whether the witness would be believed or not under all the circumstances brought to their attention about the witness.

I am not unmindful that elsewhere in the charge the jury was given additional instructions on impeachment and I suppose the majority feel this cured the problem. Perhaps it did as a practical matter, and in fairness to all concerned, the entire impeachment charge, omitted from the majority's opinion, is set out below[1] so that it can be read and considered with this opinion. Undoubtedly, this additional instruction was helpful, but to my mind the jury was still left with a confusing situation and they did not clearly understand their prerogative about the witness' testimony. I believe the jury was influenced by the first part of the charge into thinking that the trial judge may have felt they should disregard this witness' testimony. If the charge had explained the difference between an attempt to impeach the credibility of a witness and success in doing so, I could agree that it was all right. However, I think the average person considers the word "impeachment" to have a connotation that assumes guilt, and the fact that it does not, in a legal sense, is lost on most people. It is a nuance of such sophistication that the vital and significant difference probably escapes understanding by a jury unless it is explained.

---

[1] "Now, ladies and gentlemen, under our law a witness may be impeached by proof that the witness has been convicted of a crime involving moral turpitude, a felony. And I charge you that robbery,

It should also be said that I base my opinion primarily on the holding in *Powell v. State,* 101 Ga. 9, 20 (29 SE 309), an 1897 case which makes it clear to me that impeachment is always for jury determination. "In a word, it is the exclusive province of the jury, under all the attendant circumstances and conditions, to determine whether a witness has or has not been impeached."

---

either armed robbery or robbery, is a felony and that one of the witnesses who has testified in this case, has admitted her conviction of that felony and that her testimony therefore stands impeached. Another method by which the testimony of a witness may be impeached is by proof that witness has made prior contradictory statements in advance of trial and out of court which are in conflict with the testimony offered on the trial of the case as to some issue material to the case. I charge you that a witness may be impeached by proof of prior statements by the witness which are relevant to the issues in this case and which contradict the witness' testimony given on the trial of this case. I charge you that if you find that any witness made any prior statements which are relevant to the issues in this case and which are inconsistent with that witness' testimony on this trial, such prior statements can be used by you only with respect to impeachment of the witness as a witness and as to the credibility to which the witness may be entitled as a witness. Such prior statements cannot be considered by you as evidence of the truth of the facts which were therein contained. If you should determine that any witness has been impeached either by proof of a crime involving moral turpitude on the part of the witness or by proof of a prior contradictory statement on the part of the witness, the weight in that event, the weight and credit to be given by you to all or any part of that witness' testimony in this case is for you to determine and in such an event, you may believe such parts of the witness' testimony and disbelieve such other parts of the witness' testimony as you may deem proper from all of the evidence submitted to you. Now with respect to any witness who has taken the stand on oath and had not been impeached, in one of these two methods, the law imputes perjury to no one and makes it your duty to reconcile conflicting testimony in so far as you can, by unimpeached witnesses in such a way as to impute perjury to none of them. If this cannot be done, you will then believe that witness' or those witnesses' testimony that is most credible to you under the light of all facts and circumstances of the case. . . "

If this dissent serves no other purpose, perhaps it is worthwhile as a vehicle to note that the Council of Superior Court Judges is presently considering a number of pattern charges and I view this effort as most commendable and worthwhile. Included in the group of charges now under consideration by the council will be a charge on impeachment, which I believe will eliminate the kind of enumeration of error we have in this case on the impeachment instructions to this jury.

In conclusion, I simply repeat that the views here are expressed most respectfully, both to the trial judge and the majority of this court, but, nevertheless, have not been lightly considered.

I am authorized to state that Justice Gunter joins me in this dissent.