## 36101. MORET v. THE STATE.

Marshall, Justice.

The appellant, Anthony F. Moret, III, is an inmate at the Georgia State Prison in Reidsville. While on a work detail, he killed another inmate, Charles Finney, by striking him on the head twice with an ax. The appellant was charged with murder, and he chose to represent himself at trial. He was convicted of the murder and sentenced to life imprisonment. He now appeals.

1. There was sufficient evidence to authorize the jury in finding the appellant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Several eyewitnesses, consisting of both inmates and prison guards, testified that they saw the appellant walk up behind the victim and strike him on the head with an ax, once while the victim was standing and again after he had fallen down. There was testimony that there was animosity between the appellant and the victim, because the appellant is a Muslim and the victim was anti-Muslim. One of the prison guards testified that, as he was taking the appellant away after he had killed the victim, the appellant stated that, "the sorry son of a bitch needed killing."

2. The trial judge curtailed the appellant's examination of a witness, when the appellant began examining the witness concerning matters which were immaterial. The trial judge curtailed the appellant's examination of another witness, when the appellant persisted in attempting to have this witness retract testimony which he had given unequivocally. In addition, the trial judge interrupted the appellant's closing argument to the jury, because the appellant was arguing matters not in evidence.

In doing these things, the trial judge was acting within his inherent power to supervise the course of the trial, and the trial judge did not express or intimate an opinion to the jury in violation of Code § 81-1104.

3. The trial judge did not err in admitting oral testimony at the presentence hearing concerning the armed-robbery sentence which the appellant is presently serving.

Admission of the evidence of this prior criminal conviction was proper under Code Ann. § 27-2503 (a), in that the state gave the appellant written notice prior to trial that his armed robbery conviction would be offered in evidence at the presentence hearing if he was convicted of the murder. The appellant complains that evidence of this conviction was admitted through the testimony of the prosecuting attorney, rather than through certified copies of the conviction.

The requirement that prior convictions be proved by certified copies thereof is really an application of the "best evidence rule." See Agnor's Ga. Evidence 63, § 5-8 (1976). The "best evidence rule" may be waived. Id. Here, the appellant did not object to the introduction of this oral testimony concerning his prior conviction. Therefore, he has waived the objection that this was not the best evidence thereof. See *Moore v. State,* 231 Ga. 301 (1) (201 SE2d 432) (1973). Cf., *Fincher v. Frost,* 225 Ga. 408 (2) (169 SE2d 309) (1969).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 28, 1980 — DECIDED JUNE 10, 1980.

*Gary A. Sinrich,* for appellant.
Anthony F. Moret, III, *pro se.*
*Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General, Dupont Cheney, District Attorney,* for appellee.