S91A1663. BRADFORD v. THE STATE.
(412 SE2d 534)

BENHAM, Justice.

Appellant was convicted of malice murder, aggravated assault, two counts of armed robbery, and possession of a firearm during the commission of the crimes.[1]

---

[1] The crimes occurred on May 30-31, 1990, and appellant was indicted on October 2, 1990. He was convicted on January 30, 1991, and sentenced on February 8. His motion for new trial, filed on February 21, was denied on July 3. Appellant filed his notice of appeal on July 11, and the case was submitted for decision on November 5, 1991. The weapon used was

1. The convictions involve the armed robbery and murder of a convenience store clerk on May 30, 1989, and the armed robbery and aggravated assault of a gas station attendant three hours later in the early morning hours of May 31. Appellant contends that the evidence was insufficient to sustain the convictions concerning the crimes that occurred at the gas station because the only evidence connecting appellant with these crimes was the uncorroborated testimony of his alleged accomplice, Victor Cockfield. We disagree.

The rule is well established that, to sustain a

> "conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and [are] more than sufficient to merely cast on the defendant a grave suspicion of guilt." [Cits.] However, "the sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. [Cits.]" . . . "[T]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime. [Cits.]" [*Harrison v. State*, 259 Ga. 486 (1) (384 SE2d 643) (1989).]

In the case at bar, eyewitnesses corroborated the accomplice's testimony that appellant participated as a look-out stationed at the front door in the convenience store armed robbery where the clerk was fatally shot. The testimony of the wounded gas station clerk revealed that the crimes committed there, less than three hours after the convenience store crimes, were strikingly similar in the method of operation. While the necessary corroborative evidence is entirely circumstantial, the evidence of appellant's conduct before the crimes at issue and the similarity between the crimes at issue and appellant's earlier conduct give rise to the inference that he participated in the crimes at the gas station. Inasmuch as there was sufficient evidence to corroborate the testimony of appellant's alleged accomplice, the evidence was sufficient to authorize appellant's convictions for the armed robbery and aggravated assault that occurred at the gas station. *Myers v. State*, 260 Ga. 412 (3) (395 SE2d 811) (1990); *Harrison v. State*, supra.

an RG .22 caliber revolver.

2. Citing *Cage v. Louisiana*, 498 U. S. ____ (111 SC 328, 112 LE2d 339) (1990), appellant next contends that the trial court's jury instruction on reasonable doubt violated appellant's right to due process of law because it charged two different standards of proof, i.e., proof beyond a reasonable doubt and proof to a moral and reasonable certainty.

> In *Cage*, it is clear that it was both the definition of reasonable doubt, which impermissibly equated reasonable doubt with a "grave uncertainty" and an "actual substantial doubt," coupled with the reference to "moral [and reasonable] certainty" that invalidated the jury instruction. Id. Here, the instruction properly defined reasonable doubt, and we hold that the reference to "moral and reasonable certainty" does not, standing alone, lessen the burden of proof required for conviction in violation of the Due Process Clause. [*Starr v. State*, 201 Ga. App. 73, 75 (410 SE2d 180) (1991).]

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 4, 1992.

*Michael C. Garrett*, for appellant.
*Michael C. Eubanks, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.