## S92A0096. HAIR v. THE STATE.
### (417 SE2d 657)

BELL, Justice.

Earl Douglas Hair appeals from his conviction and sentence for malice murder, armed robbery, and burglary.[1]

1. There was evidence that appellant burglarized the house of Jack Keith, and thereafter beat Keith to death with a stick and robbed him. We hold that the evidence was sufficient to satisfy the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Before trial, an expert witness for the prosecution performed tests in which he compared bloody shoeprints from the victim's house with the sole of a shoe that appellant had worn on the date of the crimes. The expert prepared no written report concerning the tests. At trial, appellant moved to exclude the expert's testimony, on the ground that under OCGA § 17-7-211 a written report should have been provided to appellant before trial. The trial court denied the motion, and appellant enumerates that ruling as error. We find no error, since § 17-7-211 applies only where there is a writing. *Law v.*

---

[1] The crimes occurred on October 17, 1990. On November 26, 1990, appellant was indicted for malice murder, felony murder, armed robbery, and burglary. On February 27, 1991, a jury found him guilty of all counts. On March 13, 1991, the court sentenced him on three counts and vacated the felony murder count. Appellant filed a motion for new trial on March 25, 1991. On August 6, 1991, the court reporter certified the trial transcript. The court denied the motion for new trial on September 3, 1991. On September 27, appellant filed his notice of appeal. The clerk of the trial court certified the record on October 11, and the clerk of this Court docketed the appeal on October 17. On November 29, 1991, the appeal was submitted for decision on briefs.

*State*, 251 Ga. 525, 528 (2) (307 SE2d 904) (1983).[2]

*Judgment affirmed. All the Justices concur, except Weltner, P. J., who concurs in the judgment only.*

DECIDED JUNE 25, 1992.

*Karen E. Luffman*, for appellant.

*Jack O. Partain, District Attorney, Kermit N. McManus, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.

---

[2] Appellant relies on *Durden v. State*, 187 Ga. App. 154 (1) (369 SE2d 764) (1988), affirmed in *State v. Durden*, 258 Ga. 720 (375 SE2d 610) (1988), but we find that *Durden* is distinguishable on its facts. In that case, "actual test results" were in the witness' "private notes," but were not included in the written report that was produced to the defendant. 187 Ga. App. at 157. In the present case, there is no evidence concerning what, if any, test results were contained in any private notes of the witness.