S92A0898. BRADFORD v. THE STATE.
(421 SE2d 523)

BENHAM, Justice.

Appellant was convicted of malice murder, aggravated assault, and two counts of armed robbery.[1] The convictions arose from the armed robbery and murder of a convenience store clerk in the late-night hours of May 30, and the armed robbery and aggravated assault of a gas station attendant three hours later.[2] On appeal, appellant contends that the trial court erred when it denied his motion for a

---

[1] The crimes were committed on May 30-31, 1990, and appellant was indicted on February 5, 1991. He was convicted on March 28, 1991, and sentenced on April 17. Appellant's motion for new trial, filed on May 20, was denied on January 24, 1992. He filed his notice of appeal on February 3, 1992, and the case was argued on June 29, 1992.

[2] Appellant's brother was convicted of these offenses in a separate trial. We affirmed his convictions in *Bradford v. State*, 261 Ga. 833 (412 SE2d 534) (1992).

directed verdict of acquittal as the testimony of his accomplice, who testified on behalf of the State, was not sufficiently corroborated.

As we stated in *Bradford v. State*, 261 Ga. 833 (1) (412 SE2d 534) (1992), it is well established that, in order to sustain a felony conviction based upon the testimony of an accomplice

> "there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and [are] more than sufficient to merely cast on the defendant a grave suspicion of guilt." [Cits.] [However,] "(t)he sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. [Cit.]" . . . "[T]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime. [Cit.]" [*Harrison v. State*, 259 Ga. 486 (1) (384 SE2d 643) (1989).]

In the case at bar, appellant admitted in his statement to police that he was driving his brother's white BMW the night the crimes were committed, that he was in need of money, and that he dropped off and later picked up his brother and a man who matched the description of the accomplice and who was wearing a holster clip. An eyewitness to the convenience store crimes saw appellant's brother and the accomplice leave the convenience store and enter the passenger side of a white car. Police found ten .22 caliber bullets of the same brand as was used in the two shootings in appellant's bedroom. The gas station clerk, who was severely wounded when that establishment was held up three hours after the convenience store clerk was killed, recounted a method of operation used in that armed robbery and aggravated assault that was similar to the events that had taken place a short time earlier at the convenience store.

> While the necessary corroborative evidence is entirely circumstantial, the evidence of appellant's conduct before the crimes at issue and the similarity between the [gas station] crimes . . . and appellant's earlier conduct give rise to the inference that he participated in the crimes at the gas station. Inasmuch as there was sufficient evidence to corroborate the testimony of appellant's alleged accomplice, the evidence was sufficient to authorize appellant's convictions. . . .

[*Bradford v. State*, supra at 834.]

See also *Harrison v. State*, supra; *Sims v. State*, 229 Ga. 33 (189 SE2d 68) (1972).

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt and Sears-Collins, JJ., concur; Fletcher, J., dissents.*

FLETCHER, Justice, dissenting.

This court has long held that "insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the accused with the crime." *West v. State*, 232 Ga. 861, 865 (209 SE2d 195) (1974). In *Bradford v. State*, 261 Ga. 833 (412 SE2d 534) (1992), we emasculated this rule by holding for the first time that a similarity between two crimes was sufficient evidence to corroborate the testimony of an alleged accomplice. There is no support in our case law for the proposition that "the similarity between the crimes at issue" provides the necessary corroborative evidence to an accomplice's testimony. Rather than compounding the error committed in *Bradford I*, I would overrule Division 1 of that opinion and reverse the conviction of Tony Alonzo Bradford for the aggravated assault and armed robbery of Jonathan Jowers, the gas station clerk.[3]

In this case, the state presented no evidence, other than the accomplice's testimony, that establishes the defendant's identity and participation in the shooting and armed robbery at the gas station. A jury should not be able to infer a defendant's guilt in a crime based solely on its finding that he is guilty of another "similar" crime. Because there are no independent corroborating facts or circumstances to connect the defendant with the crimes at the gas station, I dissent.

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED NOVEMBER 6, 1992.

*Michael C. Garrett,* for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

[3] Since there is sufficient corroboration of the accomplice's testimony to directly connect the defendant to the murder and armed robbery of Joseph Fielding at the convenience store, I agree that the defendant's convictions involving those two crimes should be affirmed.