A93A0614. TAYLOR v. THE STATE.
(432 SE2d 679)

BIRDSONG, Presiding Judge.

Oswald Taylor appeals his conviction for possession of cocaine and use of drug-related objects and trafficking in cocaine. He contends the evidence was based on uncorroborated evidence of an ac-

complice, in violation of OCGA § 24-4-8. *Held*:

The evidence shows that a package containing a child's teddy bear, in which 28 grams of cocaine were secreted, was intercepted at a Federal Express terminal in Florida. It was addressed to Mark Harris at appellant Taylor's address in Toccoa, Georgia. Law enforcement officials in Toccoa obtained a search warrant and arranged delivery of the package by a Florida drug agent dressed as a Federal Express employee. At 2:43 p.m. on June 11, 1990, the disguised agent knocked on appellant's apartment door; Harris answered and signed for the package, using an alias. The agent returned to the Federal Express van, in which there were several Toccoa law officers, and drove down the street. Two or three minutes later, as planned, he returned and asked Harris to sign the receipt again. The officers entered the apartment, handcuffed Harris and searched the apartment. They found the teddy bear on the sofa; it had been split open. They found small weighing scales which had been in the teddy bear. The cocaine was not found in the apartment.

The sheriff and police chief had, as part of the plan, been waiting nearby in a car; after the delivery they drove toward appellant's apartment and the sheriff saw a man run across the street from the apartments toward an area where, the next day, the cocaine was found hidden under a metal building. A few minutes after the search began, appellant came into his apartment. He testified he had been working at Wal-Mart until 2:00 p.m.; that he drove home, prepared his lunch, and walked over to his girl friend's house. Not finding her, he returned to his apartment, first stopping to get his rent receipt from the manager. When he saw officers around his apartment, he went to the apartment to see what was happening.

The accomplice, Mark Harris, testified that he had come up from Miami to appellant's apartment to receive and help sell drugs, after a person in Toccoa wired money to a Wayne Anderson to get the drugs, and that appellant was directly involved in this plan to distribute drugs in Toccoa. Harris arrived in Toccoa a few days before the delivery of drugs to appellant's apartment. Appellant had lived in Miami and he and Harris had been friends since childhood. Harris testified that appellant was upstairs when the delivery was made; he immediately came downstairs, opened the package and said the teddy bear had been tampered with; appellant immediately removed the cocaine from the bear and ran out the back door. A few minutes later the delivery man (agent) returned and knocked on the door, yelling that he needed another signature; Harris opened the door and the police entered. Soon after, appellant returned.

We find evidence corroborating the accomplice's testimony. The evidence shows that the officers in the Federal Express van returned to the apartment within three minutes after delivering the package

and Mark Harris was still in the apartment. The officers searched the apartment before and after appellant returned to it. The cocaine was not in the apartment, and was not found until the next day, under a metal building which was about 150 yards away. The jury was exhaustively instructed as to the terrain and location of the buildings and of the movements of the officers in and around the buildings at the time of the delivery. The metal building was too far for Harris to go to it and return in one to three minutes; Harris was never seen leaving the apartment but another man was seen running from the apartments within that time. The evidence thus shows that someone other than Harris was in the apartment, and had left with the cocaine while Harris stayed. There is no evidence any person other than appellant and Harris was in the apartment at the time of the delivery and the search. Further, when appellant returned to his apartment after the police had entered it, he denied knowing Mark Harris.

The corroborating evidence supports Mark Harris' testimony. " ' "[C]orroborating evidence need not of itself be sufficient to warrant a conviction. . . . (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support the verdict. (Cit.)" *Reaves v. State*, 242 Ga. 542, 543 (250 SE2d 376).' " *Williams v. State*, 198 Ga. App. 725, 726 (402 SE2d 796). The evidence is sufficient to persuade a rational trier of fact of appellant's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1993.

*Dious, Bailey & Associates, I. Kenneth Dious, Nina M. Svoren, Kenneth D. Kondritzer*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.