## A94A1120. ODOM v. THE STATE.
(447 SE2d 704)

McMURRAY, Presiding Judge.

Defendant Odom appeals his conviction of two counts of aggravated assault and one count of robbery. *Held*:

1. Defendant contends that the trial court erred in refusing to grant his motion for a directed verdict of acquittal on the grounds that the State's case was based on the uncorroborated testimony of his co-defendant. See OCGA § 24-4-8. More specifically, the defendant argues that the evidence was not sufficient to support his conviction.

Defendant, along with his cousin and co-defendant Billy Ray Wood, traveled from Tennessee to the Atlanta area home of his brother and sister-in-law. The victim left that home in an automobile with defendant and Billy Ray Wood. Defendant's statement to police related that he let the victim out in the parking lot of a "QT" and last saw him talking on a telephone there.

Co-defendant Billy Ray Wood testified that he and defendant had been drinking a great deal on the drive down to Atlanta, half a case of Budweiser and some wine coolers. The drinking continued in Atlanta and the victim was also drinking. The three left the residence together in order that defendant and Billy Ray Wood could take the victim to the bus station. However, first they stopped at a liquor store where defendant and the victim each bought a bottle of whiskey. The defendant was driving, Billy Ray Wood was in the rear seat, and the victim was in the front passenger seat. They drove past the "QT" and turned into a little deserted dead-end road where defendant first demanded the victim's money, then repeatedly hit him with his fist, knocking him out. At this point, the victim was bleeding from his mouth and nose. The defendant then exited the car and walked around to the passenger side where he pulled the victim from the car, continued to demand money, ordered the victim to put his hands behind his head, and threatened co-defendant Billy Ray Wood. Defendant punched the victim in the face again and stomped his head. Defendant removed the victim's money and other contents of his pockets, and left the victim lying on the pavement as he returned to the car. Defendant started to leave and then saying "No, I'm going to have to kill the son-of-a-bitch," drove the car over the victim, first backing over him, then pulling forward over him. Defendant then drove away and started back towards Tennessee.

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8 (Code Ann. § 38-121). The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. *Allen v. State*, 215 Ga. 455 (111 SE2d 70) (1959). 'However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cit.)' *Reaves v. State*, 242 Ga. 542, 543 (250 SE2d 376) (1978)." *Castell v. State*, 250 Ga. 776, 780 (1c) (301 SE2d 234). See also *Bradford v. State*, 262 Ga. 512 (421 SE2d 523); *Myers v. State*, 260 Ga. 412, 413 (3) (395 SE2d 811); *Taylor v. State*, 209 Ga. App. 102, 104 (432 SE2d 679); *Clanton v. State*, 208 Ga. App. 669, 670 (1a) (431 SE2d 453).

Defendant and Billy Ray Wood were arrested on unrelated charges when they stopped en route back to Tennessee. The evidence obtained from the automobile and at the crime scene provided sufficient corroboration of the testimony of co-defendant Billy Ray Wood. Skid marks at the scene and some items of clothing worn by the victim, particularly a belt buckle suggested that the victim was run over by an automobile which accelerated as the victim was dragged along

the pavement while wedged under a front wheel well so tightly that the front tire could not rotate. The victim's baggage and bus ticket were recovered from the car. Blood found within the car and on the shirt defendant was wearing when arrested matched the victim's blood type but neither defendant's nor Billy Ray Wood's. Hairs removed from the undercarriage of the car were consistent with the victim's hair. The evidence is sufficient to persuade a rational trier of fact of defendant's guilt beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant objected at trial to the admission of testimony concerning the results of attempts to analyze clothing worn by defendant and Billy Ray Wood at the time of their arrest so as to determine whether there was human blood on the clothing and if so of what blood type. Defendant had filed a motion pursuant to OCGA § 17-7-211 for the production of scientific reports and objected on the grounds that there was no report on these tests. After it was established that there was no written report, defendant's trial counsel argued that "the State could always get out of providing us with any kind of written reports and just allowing their scientists to testify by saying, 'Well, there wasn't any written report done of their work.' " The prosecuting attorney responded and defense counsel acknowledged that defense counsel was informed of the test results by the crime laboratory forensic serologist at the same time that the prosecuting attorney was informed. Generally, OCGA § 17-7-211 is inapplicable where there is no writing. *Hair v. State*, 262 Ga. 284 (417 SE2d 657). There is no evidence of private notes containing test results such as in *Durden v. State*, 187 Ga. App. 154 (1) (369 SE2d 764). While defendant argues that the prosecution was less than diligent obtaining these specific scientific tests so that they were done shortly before trial, there was no showing that the prosecution attempted to circumvent the discovery process. *Wellborn v. State*, 258 Ga. 570, 571 (1), 572 (372 SE2d 220). We also note that the proper remedy for a late scientific report is a motion for continuance and none was submitted by defendant on this basis. See *Shannon v. State*, 205 Ga. App. 831 (1) (424 SE2d 51). Under these circumstances, we find no error.

3. The trial court did not err in refusing to give a requested charge on intoxication negating intent based on the decision in *Ely v. State*, 159 Ga. App. 693 (285 SE2d 66). Nor did the trial court err in refusing a charge on accident. Neither of these charges were authorized by the evidence.

Defendant did not testify. The testimony of Billy Ray Wood and the forensic evidence confirming the initial assault upon the victim while he was still in the car suggest that when defendant drove over

the victim, he did so with an intent to kill the victim.
*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 2, 1994.

*Melissa M. Nelson*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, J. Mike McDaniel, Assistant District Attorneys*, for appellee.