## A97A0578. KNOTT v. THE STATE.
(484 SE2d 342)

BIRDSONG, Presiding Judge.

Appellant Shawn Jerome Knott was convicted of theft by taking, burglary, and criminal damage to property in the second degree; he appeals his conviction but contests only his conviction of criminal damage to property and burglary. He enumerates as error that the evidence is insufficient to support the verdict where such verdict relies upon the testimony of a co-conspirator without sufficient corroboration to indicate the guilt of the defendant.

Appellant, Stanley McKinney, and Lester Smith stole a motor vehicle. Subsequently, McKinney was dropped off, and appellant and Smith broke into a pawnshop with intent to commit theft therein. During the course of the burglary, Smith drove the stolen vehicle into the pawnshop.

At trial, McKinney testified pertinently as follows: On the evening of the incident, appellant, Smith and McKinney were talking about stealing a car and going riding. Appellant stated he knew where a car was located with its keys in it. Appellant said he would go with Smith and show him where the car was located. Sometime later Smith picked up McKinney at his house, and the two men walked to a car where appellant was waiting for them. The car was brown or tan, and McKinney knew it was stolen. The three men left for Atlanta and stole gas from a Circle K store. Both appellant and Smith drove the vehicle that evening. On the way home, Smith commenced to talk about "driving through the pawnshop"; appellant said he would do it. "They said they were going to get some jewelry and guns." McKinney said he did not want to go with them so they dropped him off. The next day appellant and Smith told McKinney they had driven through the pawnshop "but they didn't get anything because the top of the roof had caved in on the car," and it was dark and they could not see.

Alex Frayley, Jr. testified that he was driving by the pawnshop on the night of the incident and saw that a car had been driven inside that structure. He observed two unidentified men exit the pawnshop through the hole created by the car and flee the scene.

Deputy David Key testified that, responding to an alarm activated at the pawnshop, he went to the scene and found that a car had been driven through the pawnshop's front door. The car was a cream-colored Mercury Cougar.

Debra Wynn testified that she owned a 1982 Cougar that had been stolen on the night of the incident; the keys were in the car at the time. She did not get her car back because it had been "totaled."

The pawnshop owner testified that a car ran into the front of his building and "trashed" the shop. His insurance reimbursed him

$6,000, but he suffered an approximate $15,000 out-of-pocket loss.

Lester Smith testified that someone had told them about the location of a car with its keys in it. Appellant showed him where the car was located. The car was a big white Ford; Smith took it. Smith, appellant and McKinney went to Atlanta in the car; Smith and one of the other men drove the car that night. Smith and McKinney had been plotting to break into the pawnshop. On the way home from Atlanta, Smith brought up the subject of breaking into the pawnshop. The three men discussed it. Later, Smith and appellant broke into the pawnshop after leaving McKinney at his home. They gained entry when Smith drove the car into the pawnshop. They did not take anything from the shop because it was too dark. After breaking into the premises with the car, appellant entered the premises and got Smith out of the car; then the men left the scene. They broke into the pawnshop to get guns, jewelry or whatever they could find. They had talked with McKinney about their intent to take these items. They fled the scene when Smith informed appellant a black truck was "slowing down and looking."

The investigator for the district attorney's office testified that appellant made a pretrial statement in pertinent part as follows: Appellant stated that Smith had taken the vehicle and that he, Smith and McKinney then went to Atlanta. They stopped at a Circle K and took some gas. On the way home, the conversation came up about breaking into the pawnshop. McKinney backed out and went home. Appellant then went to his apartment and got some socks to put over his hands. They went to the pawnshop, appellant got out of the car, and Smith drove the vehicle into the pawnshop. Appellant ran back to his apartment, and Smith joined him shortly thereafter. Appellant also made a pretrial statement to a police sergeant with the Woodstock police force. In that statement, he said that the person who stole the Cougar automobile picked him up at his house and he went riding in the stolen car. He was present at the pawnshop when the car was driven into it; he did not take the stolen car. *Held*:

OCGA § 24-4-8 provides, inter alia, that in felony cases the testimony of an accomplice is insufficient unless corroborated. "Slight evidence of corroboration is all that is required, [cit.], and the testimony of one accomplice may be corroborated by the testimony of another." *Ledbetter v. State*, 262 Ga. 370, 372 (5) (418 SE2d 57). Moreover, the necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct both before and after the criminal act was committed may give rise to an inference that he participated in the crime. *Harrison v. State*, 259 Ga. 486, 488 (1) (384 SE2d 643). We hold that the evidence reviewed earlier in this opinion was legally sufficient to connect the appellant directly with and to give rise to an inference that he participated in the crimes of which

he was convicted. See id. Appellant's contention of lack of sufficient corroboration of a co-conspirator's testimony is without merit.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence, including the pretrial statements of appellant, from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 19, 1997.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*Garry T. Moss, District Attorney, Allen D. Morris, Assistant District Attorney*, for appellee.