### A99A1402. PURVIS v. THE STATE.
(522 SE2d 499)

MILLER, Judge.

Celia Purvis was convicted of conspiracy to traffic in cocaine. Citing insufficient evidence, Purvis appeals. We affirm.

Purvis was charged as a co-conspirator with Elliott Norton and Franklin Blasengame. Norton testified that he, Blasengame, and Purvis jointly planned to purchase one or two kilograms of cocaine with $28,000 in cash obtained by Purvis. Norton further testified that Purvis brought the money to his mother's house and accompanied him to Bartow County to purchase the cocaine. Norton and Blasengame met undercover Agent Skinner to purchase the cocaine while Purvis stayed in a truck parked at Wal-Mart with the money. Prior to purchasing the cocaine, Blasengame went to Wal-Mart to retrieve the money from Purvis. He waited next to Purvis' truck for a few minutes and returned without the money after she failed to return to her vehicle.

Norton and Blasengame were arrested while purchasing the cocaine. Georgia Bureau of Investigation Agents Giles and Tarvin went to the Wal-Mart and found $28,000 in cash and a .357 pistol when they searched Purvis' truck, with her present. Citing OCGA § 24-4-8, Purvis contends no evidence corroborates Norton's testimony that she actively participated in the conspiracy to purchase cocaine.

To sustain a felony conviction based upon the testimony of an accomplice,

> there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and [are] more than sufficient to merely cast on the defendant a grave suspicion of guilt. . . . [T]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime.

(Citations and punctuation omitted.) *Harrison v. State*, 259 Ga. 486, 488 (1) (384 SE2d 643) (1989); see OCGA § 24-4-8.

In addition to Norton's testimony, the State presented evidence from GBI Agents Giles and Tarvin regarding Purvis' apprehension and the subsequent seizure of $28,000. Prior to Blasengame's arrest, the agents followed him to the Wal-Mart and saw him wait next to a truck. Following Norton's and Blasengame's arrest, the agents returned to Wal-Mart and observed Purvis as she went to the truck and appeared to wait for someone. They revealed themselves as GBI agents and requested permission to search the vehicle. After Purvis gave permission, the agents discovered a gun and a plastic bag containing $28,000 in cash in the vehicle.

The State presented sufficient corroborating evidence. Corroborating evidence does not need to prove every element of the crime charged; it need only connect the defendant with the crime. *Whitfield v. State*, 159 Ga. App. 398, 400 (6) (283 SE2d 627) (1981). Slight evidence connecting the defendant with the crime is sufficient. *Quaid v. State*, 132 Ga. App. 478, 482 (1) (208 SE2d 336) (1974). The conduct of the defendant before, during and after the crime is relevant to determine intent and whether the conduct was sufficient to corroborate the accomplice testimony. *Harrison*, supra, 259 Ga. at 488. When viewed in the light most favorable to the State, the evidence sufficed to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.