## 51072. MADDOX v. THE STATE.

Evans, Judge.

This is an arson case.

An industrial rubber plant for the manufacture of rubber products was burned by incendiary origin in Auburn, Georgia in the early morning hours of October 30, 1974.

Defendant and another person were indicted for arson on February 3, 1975. He was arrested on the 7th day of February. The case was called on Monday, February 10, 1975, at which time defendant filed several motions, including a demand for trial, a complete recordation of all proceedings, a motion for severance, a plea in abatement, and a motion to compel discovery and for discovery, all of which were denied.

Defendant was convicted and sentenced to serve nine years in the penitentiary. He appeals. *Held:*

1. The co-indictee and alleged co-conspirator pleaded guilty and appeared as a witness against defendant. Therefore, there is no merit in the motion for severance.

2. While no witness, other than the co-indictee and alleged accomplice, who testified in this case, directly connected the defendant with the crime of arson, the testimony of the defendant himself is corroborative in that he admitted being with the accomplice shortly before the fire occurred. In addition, a yellow automobile was seen in and around Auburn before and after the fire; and defendant owned a yellow automobile; and this evidence was sufficient to connect the defendant with participation in the crime as charged. The verdict and judgment were not contrary to the evidence which was sufficient to support the same. *Quaid v. State,* 132 Ga. App. 478, 481-482 (1) (208 SE2d 336); *Pitts v. State,* 128 Ga. App. 434, 435 (197 SE2d 495).

3. The evidence was sufficient to charge on conspiracy, and there is no merit in the complaint thereon.

4. The defendant's request to charge that the testimony corroborating the testimony of the accomplice must be sufficient to connect the defendant with the

perpetration of the crime and tend to show his participation therein, and to support an inference that the defendant is guilty independently of the accomplice's testimony, is a correct statement of the law and was required by the evidence to be given in this case. The court erred in refusing to give same in the charge. See in this connection, *Welborn v. State,* 25 Ga. App. 327 (103 SE 193); *King v. State,* 77 Ga. App. 539 (49 SE2d 196); *Crowe v. State,* 83 Ga. App. 325 (63 SE2d 682); *Self v. State,* 108 Ga. App. 201 (132 SE2d 548).

5. While the court allowed defendant's motion to record all the proceedings, defendant contends the record is silent regarding the plea entered in behalf of the co-indictee and co-conspirator; nevertheless, it is not shown how the absence of this plea was error since this immediately severed the accomplice's case from that of this defendant. There was no error in this complaint.

6. Defendant requested a preliminary hearing in his plea in abatement filed after his indictment. Such a hearing is a valuable right afforded by law and has been declared a critical stage of a criminal proceeding. See Coleman v. Alabama, 399 U. S. 1, 9 (90 SC 1999, 26 LE2d 387). However, here there is no necessity for a committal hearing since the defendant has had a hearing in the first trial and a new trial is ordered in this case by reason of the ruling in Division 4. Thus, defendant has had a hearing as to the evidence to be used against him, and no useful purpose will be served by further consideration of this enumeration. This issue is now moot and will not be considered further. But defendant also moved to compel disclosure and for discovery of other items he was entitled to have to prepare his defense.

Both the trial court and the district attorney are in error in their position that there is no such thing as criminal discovery in Georgia, citing *Quaid v. State,* 132 Ga. App. 488, 489, supra. It is true that discovery in criminal law is not spelled out so we may determine just how broad is that right, but Code Ann. §§ 38-801, 38-802 and 38-1201 do provide for discovery in all cases, including criminal cases. Further, the Supreme Court of the United States held in Brady v. Maryland, 373 U.S. 83 (83 SC 1194, 10 LE2d 215) that the prosecution may

372

not suppress any evidence which in any manner is helpful or favorable to the defendant, and that to do so violates due process under the 14th Amendment. The Brady case grants the defendant discovery of all exculpatory matters within the knowledge of the state. Thus under the Georgia law and the U. S. Supreme Court in the Brady case, defendant is entitled to discovery of all exculpatory matter and anything in the district attorney's file which is favorable to his defense. Further, in the recent case of *Banks v. State,* 235 Ga. 121, the Georgia Supreme Court reversed the trial court when it was learned that state officials knew of a witness whose testimony would be helpful to the defendant and withheld this information from the defense, citing the Brady case, supra.

Certainly, the defendant is entitled to a copy of the arrest warrant, list of state's witnesses, a copy of the search warrant, and even the statement made by the co-indictee, if it be favorable to his defense. He is also entitled to any other information within the hands of the state which might be considered exculpatory in nature. If counsel for the state is in doubt as to whether or not certain material or information is exculpatory, then he should ask the trial judge for an in camera inspection of same in order that the court may make a proper determination as to the value of such prospective evidence.

7. For the reason stated in Division 4, a new trial is necessary.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Argued September 9, 1975 — Decided October 29, 1975.

*Glen A. Garrett,* for appellant.
*Nat Hancock, District Attorney, Stephen E. Shepard,* for appellee.