## 56919. LANFORD v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of burglary. *Held:*

1. The court charged the jury that: ". . . 'the Defendant has come into court and said that he is not guilty of that crime. And, that is the issue and that is what you have to resolve. But as the indictment is not evidence proving guilt in any way, neither is the not guilty plea to be considered by you as evidence . . .' " This portion of the charge is a correct statement of law and is neither misleading nor confusing as contended by defendant. *Owens v. State,* 81 Ga. App. 182 (58 SE2d 550).

2. The state in support of its case offered the testimony of an accomplice. In addition to this testimony there is other evidence, viz., defendant's confession, which shows that defendant committed the crime charged. The trial court did not charge on the necessity for corroborating the testimony of an accomplice and there was no request to so charge. Where the state does not rely wholly on the evidence of the accomplice to connect the defendant to the crime charged, it is not incumbent without request to charge on corroboration. *Carter v. State,* 227 Ga. 788 (183 SE2d 392).

3. The evidence authorized the conviction.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 31, 1978 — DECIDED DECEMBER 5, 1978.

*L. C. Chrietzberg,* for appellant.

*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.