38808. MEEKER v. THE STATE.

MARSHALL, Justice.

Timothy Daniel Meeker appeals from his conviction of credit card theft, motor vehicle theft, and malice murder, for which he was sentenced to three and five years respectively, consecutive to life imprisonment for the murder. We affirm.

1. Enumeration of error 2 urges that the admission in evidence, over the defendant's objection, of a photograph of the deceased victim taken at the morgue prior to autopsy, was error in that the photograph was immaterial, inflammatory, nonprobative, and prejudicial.

"Photographs which tend to show relevant and material facts are admissible although it is alleged that they are designed to inflame and prejudice the jury." *McCorquodale v. State,* 233 Ga. 369, 375 (5) (211 SE2d 577) (1974) and cits. The photograph here was material and necessary to show the extent, nature and location of the wounds and to establish the identity of the body on which the autopsy was performed, thereby allowing the pathologist to establish the cause of the victim's death. *Lamb v. State,* 241 Ga. 10, 12 (2) (243 SE2d 59) (1978). This is true even when the cause of death is not in dispute. *Godfrey v. State,* 243 Ga. 302, 304 (2) (253 SE2d 710) (1979). This enumeration is without merit.

2. Enumeration of error 3 complains that the admission in evidence, over the defendant's objection, of 12 black and white photographs of the crime scene was error in that they were

immaterial, inflammatory, repetitive, and prejudicial. These photographs were relevant and material to show the nature and extent of the wounds, the location of the body, the identity of the victim, and to corroborate co-defendant Evans' account of the homicide. The fact that they were somewhat repetitive, will not alone rule them out. *Mooney v. State,* 243 Ga. 373, 394 (6) (254 SE2d 337) (1979). This enumeration is without merit.

3. Enumeration of error 4 is the denial of the defendant's motion for directed verdict at the close of the state's case. The appellant contends that the only evidence presented by the state against him was "the unsupported and uncorroborated testimony of the co-defendant."

"The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient." *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411) (1976). "The necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime." *Drake v. State,* 241 Ga. 583, 586 (3) (247 SE2d 57) (1978).

There was evidence of motive, in that the appellant was out of work, had no place to stay, went to the home of the victim — a homosexual lover of his — owed the victim money, and knew where the victim hid his cash. The finding of the appellant's fingerprints on recently washed dishes in the victim's home, as well as a fingerprint of the co-defendant in that home, corroborated the testimony that the co-defendants and the victim had completed dinner shortly before the murder. See *Turner v. State,* 235 Ga. 826, 829 (1) (221 SE2d 590) (1976). The appellant admitted stealing items from the victim's home and stealing the victim's automobile. He immediately left the scene of the murder, driving across the country, which could be found to be flight and corroborative evidence. *Cape v. State,* 160 Ga. App. 336, 338 (287 SE2d 63) (1981). The appellant was with the co-defendant while the latter fraudulently used the credit cards of the victim, John Karr, received the benefit from such transactions, and misrepresented himself to be Timothy Karr, the half brother of the co-defendant (who used the name John Karr). Finally, the appellant's confession (see Division 5, post) alone was sufficient to corroborate the testimony of his accomplice, so as to support the verdict of guilty. *Sims v. State,* 229 Ga. 33, 34 (189 SE2d 68) (1972) and cit.

4. Enumeration 5 complains that the evidence did not support the charge to the jury concerning parties to a crime, inasmuch as the

co-defendant denied any involvement in the murder and the motor vehicle theft. There was sufficient evidence, as set out in Division 3, supra, to convict either the defendant or the co-defendant or both. The jury could disbelieve the co-defendant's protestations of innocence. Furthermore, even the acquittal of one party to the crime does not bar the prosecution and conviction of another party to the crime. *Eades v. State,* 232 Ga. 735, 738 (4) (208 SE2d 791) (1974). This enumeration is without merit.

5. Enumerations 6, 7 and 8 concern the admission in evidence of testimony of three guards at the jail wherein the appellant was confined, as to the contents of a confession note purportedly written by the appellant.

A Jackson v. Denno hearing was held prior to the introduction of the testimony. A guard testified that the appellant — without having been questioned, promised or threatened — handed him a handwritten note, addressed to the co-defendant in a nearby cell, to whom the appellant asked the guard to deliver it, as was customary. The note was signed by the appellant, admitted participation along with the co-defendant in the crimes charged, and stated that he hoped God would forgive him. Another guard testified that the appellant, who had been imprisoned for eight months, was acting unusual during this period, spreading feces on the wall and cutting his wrist. As a layman, the witness thought the appellant was not "mentally right," but stated that he was not an expert and could not really say. The appellant adduced no evidence to show his alleged mental problems. There was testimony that the note itself was not available for introduction in evidence, as it was apparently lost. The sergeant to whom the jailer delivered the note testified that he did not recall receiving the note.

Under the circumstances, the trial court did not err in admitting in evidence the testimony as to the note; in denying the appellant's motions in limine, to strike, and to suppress; and in ruling that the note was a voluntary statement made by the appellant. There was no evidence of any coercive conditions or custodial interrogation of the appellant. "While legality, duration, and conditions of detention are relevant, in the determination of voluntariness of an accused's statement, nothing of record shows compulsion, coercion, or any illegal inducement. *Wilson v. State,* 229 Ga. 395, 397 (191 SE2d 783) [1972]." *Pless v. State,* 142 Ga. App. 594, 597 (3) (236 SE2d 842) (1977). The fact that a defendant may have been suffering from some mental condition or retardation is not alone sufficient to exclude the confession. *Moses v. State,* 245 Ga. 180, 186 (5) (263 SE2d 916) (1980) and cits. The note was properly authenticated, where it was shown that the appellant was housed in a cell by himself in a section where

there were only four cells; that the cells were isolated and the inmates kept there 24 hours a day; that the appellant handed the guard the note addressed to the co-defendant, signed by the appellant, and concerning a murder which they were both accused of committing; and that the appellant had given the guard other notes to deliver to his co-defendant. See *State v. Smith,* 246 Ga. 129 (269 SE2d 21) (1980). And finally, the absence of the note in court was explained by good and reasonable cause in inaccessibility required under our statutes. See *Mulkey v. State,* 155 Ga. App. 304 (270 SE2d 816) (1980).

6. Enumeration 1, the denial of the motion for new trial, is without merit. Upon a review of the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact was authorized to find Meeker guilty of the crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Robert C. Shearouse,* for appellant.
*Spencer Lawton, District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.