## 45903. JOHNSON v. THE STATE.
(376 SE2d 356)

BELL, Justice.

Johnson appeals his convictions for the felony murder[1] and armed robbery of Larry Redding.[2] Johnson, inter alia, contends that the evidence is insufficient to support the verdict; that the court erred in admitting into evidence a post-autopsy photograph; that a witness violated the rule of sequestration; and that a statement that Johnson gave to the police was improperly admitted into evidence. We affirm.

The evidence showed that Johnson and the victim were rival drug dealers in Columbus, Georgia, and that Johnson was mad at Redding for taking some of his cocaine customers. Moreover, a witness testified that Johnson discussed with him the idea of killing Redding.

On the evening of November 18, 1986, Johnson arranged to meet Redding at a location frequented by drug dealers, allegedly for the purpose of buying drugs. In a statement given to police following the crime, Johnson stated that he met Redding at the designated location and got into Redding's car. He stated that they argued over the amount of money that Redding owed Johnson, and that Redding reached for his gun, at which time Johnson pulled his gun. He stated that he and Redding struggled and that he, Johnson, pulled the trigger on his gun and shot Redding. At trial, however, Johnson denied shooting Redding. He testified that he met Redding that night, but that the meeting lasted just briefly, and that when he left Redding, he was alive.

The autopsist testified that Redding suffered three gunshot wounds to the base of the neck behind the right ear, and one such wound to the cheek just in front of the right ear. Either of two of these wounds would have been fatal. The autopsist added that the shots were fired from a distance of two to four feet from the victim.

1. In his first enumeration of error Johnson argues that the evidence is insufficient to support his convictions. We disagree. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Johnson guilty of murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The underlying felony for the felony murder conviction was the crime of the possession of a firearm by a convicted felon.

[2] The crimes occurred on November 19, 1986. Johnson was indicted for the crimes on December 30, 1986. Johnson was tried on February 24-26, 1987, and found guilty on February 26. Johnson filed a motion for new trial on May 21, 1987. The court reporter certified the transcript on February 11, 1988. The trial court denied Johnson's motion for new trial on June 15, 1988. Johnson filed his notice of appeal on June 15, and the case was docketed in this court on June 21. The case was submitted on briefs on August 5, 1988.

2. In his second enumeration of error Johnson argues that the trial court erred by admitting into evidence his statements to the police. However, having examined the transcript of the *Jackson-Denno* hearing, we conclude that the trial court was authorized to find that Johnson made a knowing and intelligent waiver of his *Miranda* rights and gave a voluntary statement. See *Carter v. State*, 257 Ga. 510, 513 (3) (361 SE2d 175) (1987).

3. Johnson next contends that the trial court erred in admitting into evidence a certain photograph of the victim. Pretermitting a decision regarding whether the photograph was admissible, our review of the transcript shows that Johnson failed to object to the admission of the photograph. Johnson, therefore, cannot complain of its admission on appeal. *Prince v. State*, 257 Ga. 84, 88 (7) (355 SE2d 424) (1987).

4. In his fourth enumeration of error Johnson contends that a witness, Daryl Adkins, violated the rule of sequestration, thus rendering him incompetent to testify. Alternatively, Johnson argues that, even if the violation of the rule did not render Adkins incompetent to testify, the trial court erred by not charging the jury that Adkins' violation of the rule affected his credibility. We find no harmful error.

Adkins and the brother of the victim apparently discussed the testimony of the brother before either of them had testified. Adkins and the brother, however, did not discuss the brother's testimony after the brother had testified but before Adkins testified. Johnson moved to exclude the testimony of Adkins based on his conversation with the brother of the victim. The trial court held that the rule of sequestration had not been violated because the witnesses had talked with each other before either one of them had testified.

We conclude that, assuming the rule had been violated,[3] we find no reversible error. When the rule of sequestration is violated, the violation goes to the credibility rather than the admissibility of the witness' testimony. *Moore v. State*, 255 Ga. 519, 521-522 (3) (340 SE2d 888) (1986); *Blanchard v. State*, 247 Ga. 415, 416-417 (1) (276 SE2d 593) (1981). A party's remedy for a violation of the rule is to request the trial court to charge the jury that the violation should be

---

[3] The rule literally prohibits only witnesses from being examined in the *hearing* of each other. OCGA § 24-9-61; *Boyd v. State*, 168 Ga. App. 246 (5) (308 SE2d 626) (1983). However, see *Lackey v. State*, 246 Ga. 331 (5) (271 SE2d 478) (1980), and *O'Kelley v. State*, 175 Ga. App. 503 (1) (333 SE2d 838) (1985). In *Lackey*, at 335, we noted that "the rule extends to communications, direct and indirect, between witnesses outside the courtroom . . . ." And in *O'Kelley*, at 504-505, the Court of Appeals noted that "when the rule is invoked, the court will usually, and should, instruct all witnesses not only to remain outside of the courtroom but also to not discuss the case with the other witnesses or parties until the evidence is concluded or both have been excused from further appearance." For a discussion of this issue, see Daniel, Ga. Crim. Trial Prac., (1987 ed.) § 19-2.

considered in determining the weight and credit to be given the testimony of the witness. *Jordan v. State*, 247 Ga. 328, 346-347 (10) (276 SE2d 224) (1981). Thus, Johnson's first argument — that the trial court should have excluded the testimony of Adkins — is without merit. Moreover, Johnson's second argument — that the trial court should have charged the jury that the violation should be considered in determining the weight and credit to give Adkins' testimony — is without merit, because Johnson did not ask the trial court for that relief, but instead asked the trial court, incorrectly, to exclude Adkins' testimony or to grant a mistrial. Finally, we note that the two witnesses' testimonies were not related. Therefore, even if the trial court erred in not instructing the jury that the violation of the rule should be considered in determining the weight and credit to be given to Adkins' testimony, that error is harmless under these circumstances. Cf. *Hicks v. State*, 256 Ga. 715, 719-720 (12) (352 SE2d 762) (1987).

5. With regard to Johnson's fifth enumeration of error, we find that the trial court, under the circumstances of this case, did not abuse its discretion in permitting a state's witness to testify although the prosecution did not provide the address of the witness on its original witness list. *Cargill v. State*, 255 Ga. 616, 630-631 (16) (340 SE2d 891) (1986).

6. In his sixth enumeration of error Johnson argues that three alleged instances of prosecutorial misconduct denied him a fair trial. Johnson's first allegation of misconduct concerns a question by the prosecutor to Johnson on cross-examination. The prosecutor asked Johnson whether, after discussing the indictment with his attorney, Johnson decided that self-defense "was not the route for [him]." Johnson claims that the question violated his attorney-client privilege, and improperly implied that Johnson and his attorney concocted some lies to protect Johnson. Concerning Johnson's second objection to the prosecutor's question, we find that Johnson did not raise this objection at trial, and therefore failed to preserve the issue for appeal. *Williams v. State*, 255 Ga. 97, 100 (4) (335 SE2d 553) (1985); *Muff v. State*, 254 Ga. 45, 48 (2) (a) (326 SE2d 454) (1985). Moreover, even assuming that Johnson raised a proper objection to the question on the attorney-client privilege ground, and even assuming that the question violated Johnson's attorney-client privilege, Johnson could not have been harmed by a disclosure that he discussed his indictment with his attorney.

We also find no merit to the second allegation of misconduct, regarding the prosecutor's closing argument. The argument merely involved the prosecutor drawing a reasonable inference from the evidence. *Wright v. State*, 255 Ga. 109, 112 (4) (335 SE2d 857) (1985).

Finally, with regard to the third allegation of misconduct, John-

son suffered no prejudice and the trial court did not abuse its discretion in denying Johnson's motion for a mistrial. *Wright v. State*, 253 Ga. 1 (3) (316 SE2d 445) (1984).

7. Johnson next argues that the trial court violated OCGA § 17-8-57 by improperly commenting on some testimony offered by the defense. We find no error. See *Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984).

8. Contrary to Johnson's eighth enumeration, Johnson was properly sentenced to two life sentences for armed robbery and felony murder, as the underlying felony for the felony murder conviction was the crime of the possession of a firearm by a convicted felon. See *Scott v. State*, 250 Ga. 195, 197 (1) (b) (297 SE2d 18) (1982); *Smallwood v. State*, 166 Ga. App. 247 (1) (304 SE2d 95) (1983).

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs specially as to Division 8.*

HUNT, Justice, concurring specially.

I concur in the judgment only as to Division 8 because this court in *Scott v. State*, 250 Ga. 195 (297 SE2d 18)(1982), *Head v. State*, 253 Ga. 429 (322 SE2d 228)(1984) and *Roberts v. State*, 255 Ga. 170 (336 SE2d 246) (1985) has sanctioned the use of possession of a firearm by a convicted felon as the underlying felony in a felony murder charge, at least in cases in which the murder was caused by the felon's use of that weapon.

While it is true that the felony murder statute does not on its face preclude the use of any felony, I suspect the General Assembly had in mind felonies which are either inherently dangerous or which bear some causal relation to the death.

> The present situation in Georgia with respect to the felony murder rule is caused in part by the language of [OCGA § 16-5-1(c)], which does not in any way limit the felonies invoking the rule. As we noted hypothetically in *Baker v. State*, 236 Ga. 754 (225 SE2d 269) (1976), we could have a "felony murder" arising out of a death associated with bribery. That is plainly nonsensical, though it is in effect what the legislature has decreed. Though we do not confront that situation in the instant case, we note our hesitancy to conclude that such a death would be "caused" by the felony, within the meaning of [OCGA § 16-5-1(c)].

*Malone v. State*, 238 Ga. 251, 252 (232 SE2d 907) (1977). See also *Durden v. State*, 250 Ga. 325, 329 (297 SE2d 237) (1982).

Bribery as the underlying felony may be nonsensical but is it any

more logical to include "status" felonies such as possession of drugs or illegal weapons? If a person has 1.1 ounces of marijuana in the trunk of his car when he accidentally runs over a pedestrian, is he guilty of felony murder if the pedestrian dies? One can think of any number of situations involving "status" felonies where a death has no connection with the felony except the time frame within which both occurred. Surely the use of such felonies was not contemplated by the legislature.

DECIDED FEBRUARY 15, 1989.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.