A89A1367. SPENCER v. THE STATE.

(386 SE2d 705)

</div>

BEASLEY, Judge.

Defendant appeals his conviction of armed robbery, OCGA § 16-8-41. He contends that his retrial after a prior mistrial violates the United States Constitution's prohibition against double jeopardy. He also asserts that the evidence was insufficient to sustain the verdict of guilty.

1. Defendant does not rely upon the Georgia statute or provision of the Constitution regarding former jeopardy. Instead he calls into issue solely the Fifth Amendment to the United States Constitution. We therefore consider only that basis of attack. See *Leeks v. State*, 188 Ga. App. 625, 626 (2), fn. 2 (373 SE2d 777) (1988); *Taylor v. State*, 177 Ga. App. 624, 628 (3) (340 SE2d 263) (1986).

Defendant was first tried on June 6, 1988. After two witnesses, including defendant's alleged accomplice Bobby Lee Howard had testified, a key prosecution witness was not available. The witness, Howard's girl friend, Sheila Johnson, had been subpoenaed and was present on the morning of the trial but did not respond for the afternoon session. After a two-day delay for what proved to be a fruitless search, the trial court declared a mistrial. The witness was subsequently located and arrested, and defendant was scheduled for retrial. He filed a plea of former jeopardy and moved to dismiss the charges against him.

During the hearing the State sought to show that there was no prior knowledge that the witness would not appear and that the witness' presence on the first morning of the trial was proof that there were no reasonable grounds to foresee her subsequent behavior. Defendant relied on a remark by the prosecuting attorney in his opening statement, describing what he envisioned would be proved from the testimony of Sheila Johnson: "We anticipate that if, and when, she takes the witness stand in the trial, she will testify to knowing Bobby Lee Howard because [he] was also a boyfriend of hers." Defendant urged that this established the State knew, or suspected, the witness would not testify and that the prosecution proceeded without even

requesting a continuance so that finally the drastic remedy of mistrial had to be utilized. The State explained that the quoted language was used merely as a precautionary measure in case the witness did not testify as expected, as a means of "hedging" or softening any adverse impact from such failure. The use of this subjunctive language referred to whether the witness would testify to facts substantially as related by the prosecuting attorney, not whether she would testify at all.

The trial court concluded that a mistrial was properly granted and denied defendant's motion to dismiss predicated upon former jeopardy.

The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U. S. 784 (89 SC 2056, 23 LE2d 707) (1969); *Clark v. State*, 144 Ga. App. 69 (240 SE2d 270) (1977). Since jeopardy had attached in the first trial, the question is whether the right to retry defendant survived the entry of a mistrial over objection by defendant. Underlying the double jeopardy provision is the recognition of the valued right an accused has, once a jury has been sworn, to have his trial proceed to conclusion before that tribunal. *Jones v. State*, 232 Ga. 324, 326 (206 SE2d 481) (1974); *Wade v. Hunter*, 336 U. S. 684, 689 (69 SC 834, 93 LE 974) (1949). Therefore, the power of the trial court to interrupt proceedings by declaring a mistrial, on the State's or its sua sponte motion, is subject to stringent limitations. *McCormick v. Gearinger*, 253 Ga. 531, 533 (322 SE2d 716) (1984); *Arizona v. Washington*, 434 U. S. 497, 508 (98 SC 824, 54 LE2d 717) (1978).

The soundness of the court's action is examined under the test originally propounded by *United States v. Perez*, 22 U. S. 579, 580 (6 LE 165) (1824): whether, taking all circumstances into consideration, there was a manifest necessity for the act, or the ends of public justice would otherwise be defeated. The trial court's sound discretion is circumscribed by the need for greatest caution and a weighing of defendant's right to have his trial completed before the particular tribunal against the public's interest in having fair trials designed to end in just judgments. *Oregon v. Kennedy*, 456 U. S. 667, 672 (102 SC 2083, 72 LE2d 416) (1982)[1]; *Illinois v. Somerville*, 410 U. S. 458, 462 (93 SC 1066, 35 LE2d 425) (1973).

This case is in that special category where the strictest scrutiny is required, i.e., when the reason for the mistrial is the unavailability of critical prosecution evidence, and where the State has an opportunity

---

[1] After remand, the Oregon Supreme Court held independently that the state constitution, which had been raised but not ruled on earlier, was not violated either. *State v. Kennedy*, 295 Or. 260 (666 P2d 1316) (1983).

for overreaching by using its superior resources to harass or achieve a tactical advantage over defendant. *Cobb v. State*, 246 Ga. 619, 620 (272 SE2d 296) (1980). If the prosecutor proceeded to trial aware that a key witness was not available to testify and a mistrial was granted for that reason, a second prosecution is barred. *Downum v. United States*, 372 U. S. 734, 736 (83 SC 1033, 10 LE2d 100) (1963). Appellant concedes that there was no bad faith on the part of the State's attorney, but "possibly negligence" in proceeding rather than asking for a continuance before voir dire commenced. But at that time the prosecutor did not know she would not be present when called. Despite defendant's interpretation of the subjunctive language used by the prosecuting attorney, that it showed the State was aware the witness would not appear, the trial court was authorized to find to the contrary, as it did. *Downum* does not control.

The facts most closely approximate those of *Davis v. State*, 170 Ga. App. 748 (318 SE2d 202) (1984), where a rape victim was present on the first day of the trial but absent the following morning when she was scheduled to testify. After continuing the case to allow a search to proceed until that afternoon, the trial court granted a mistrial over defense objection. It was later revealed that the witness, just fifteen, had a history of being a runaway but the State was unaware of these circumstances prior to trial. The prosecutor's statements in this case did not manifest State knowledge, or reason for knowledge, that the witness would absent herself from call for the proceedings once she appeared at the trial. Balancing the right to a fair trial versus defendant's right to completion of the trial before the same tribunal, we find no abuse of discretion by the trial court. There was "manifest necessity" for the declaration of a mistrial because the witness was crucial in that she *could* corroborate the accomplice's inculpatory testimony, she was present when the money was split between the two robbers and they told her what they had done. There was support for finding that the ends of justice would have been defeated by permitting the trial to continue.

2. Defendant contends there was insufficient corroboration of the accomplice's testimony so that there was no evidence to sustain his conviction. The testimony of an accomplice alone is not sufficient to convict for a felony. OCGA § 24-4-8. Likewise a confession must be corroborated, see OCGA § 24-3-53, but only by proof of the corpus delicti. *Nation v. State*, 180 Ga. App. 460, 461 (1) (349 SE2d 479) (1986); *Reddick v. State*, 202 Ga. 209 (1) (42 SE2d 742) (1947). A confession is sufficient corroboration for the testimony of an accomplice. *Vaughn v. State*, 139 Ga. App. 565, 568 (1) (228 SE2d 741) (1976); *Wade v. State*, 195 Ga. 870, 876 (2) (25 SE2d 712) (1943); *Schaefer v. State*, 93 Ga. 177 (1) (18 SE 552) (1893).

Defendant admitted to the State's witness that he committed

acts which amounted, in law, to armed robbery. This was sufficient corroboration. The evidence was such that a rational trier of fact could have found defendant guilty beyond a reasonable doubt.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 18, 1989.

*Althea L. Buafo*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Charles Weston, Assistant District Attorneys*, for appellee.