## S96A0301. BRANNON v. THE STATE.
### (469 SE2d 676)

BENHAM, Chief Justice.

Sheila Brannon appeals from her conviction for malice murder and possession of a firearm during commission of a felony.[1] Her only enumeration of error is that the trial court erred in denying her motion for a new trial on the ground of insufficiency of the evidence.

The evidence at trial showed that Brannon shared a dwelling with the victim, Harris. No one was present for the shooting except Brannon and Harris. Her version of the events was told in a statement she made to the police on the day she surrendered and told them of the killing, and in her testimony at trial. According to Brannon, the shooting took place during playful roughhousing. She claimed that they had often played before, sometimes with the pistol which she kept cocked under her pillow. On the occasion of the shooting, she said, Harris was holding her wrists in both hands while she held the pistol; she heard a "pop" and saw Harris fall to the floor; thinking he was playing, she walked to him, whereupon she saw blood running from a wound in his head. Brannon left the body on her bed-

---

[1] The crimes occurred on March 23, 1993. Brannon reported the crimes and surrendered to the police on March 28, 1993. On August 3, 1993, she was indicted for murder, felony murder, aggravated assault, and possession of a firearm during commission of a felony. At a trial commenced on April 5 and concluded on April 7, 1994, a jury found her guilty of all charges. The trial court sentenced her to life imprisonment for the murder conviction, vacating the felony murder and aggravated assault convictions by operation of OCGA § 16-1-7, and to five years imprisonment for possession of a firearm during commission of a felony, to be served consecutively to the life sentence. Brannon's motion for new trial, filed April 25, 1994, was denied by an order filed October 20, 1995. Pursuant to a notice of appeal filed October 23, 1995, this appeal was docketed in this Court on November 17, 1995, and was submitted for decision on the briefs on January 15, 1996.

room floor for two days, then put it and parts of the carpet into a trash can. She tied the can closed with an electrical cord and put the can behind the adjacent dwelling and left it there until she told the police what happened and showed them where Harris's body was. Trial testimony indicated that Brannon lied to persons who made inquiry about Harris in the days following his death, claiming he had gone to work and then that he was missing. Brannon denied any intent to harm Harris, insisting that the shooting was a mere accident that occurred during their play.

The jury is the judge of the credibility of witnesses. *Roker v. State*, 262 Ga. 220 (1) (416 SE2d 281) (1992). The jury here was entitled to believe that Brannon shot Harris, but was not required to believe her version of the events or to credit her denial of intent. " ' "[C]riminal intent may be found by the jury 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected' with the act for which the accused is prosecuted.' OCGA § 16-2-6." [Cit.]' " *Griggs v. State*, 208 Ga. App. 768 (1) (432 SE2d 591) (1993). The evidence adduced at trial, that Brannon shot Harris to death and concealed his death, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Brannon was guilty of the offenses of which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cooper v. State*, 212 Ga. 367 (92 SE2d 864) (1956).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 1996.

*Carla J. Friend,* for appellant.

*Lewis R. Slaton, District Attorney, John M. Turner, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.