S97A0280. BUSH v. THE STATE.
(485 SE2d 466)

BENHAM, Chief Justice.

This appeal is from Corea Bush's conviction for felony murder.[1]

---

[1] The victim was killed on December 17, 1994, and Bush was indicted, along with three others, on February 16, 1995, for felony murder, aggravated assault, and participation in

The evidence at trial established the following occurrences. As the victim was walking by a group of young people, one of the young people approached and knocked him down. He attempted to flee, but was knocked down again and was encircled by a smaller group of young men who stomped and kicked him to death. Several eyewitnesses identified Bush as a member of the larger group; some witnesses identified him as a member of the smaller group which circled the victim; and some identified him as one who shouted obscenities and encouraged the stomping. A co-indictee who had negotiated a plea testified that Bush participated with the witness in kicking the victim, and that Bush laughed on the way home about kicking the victim. Bush gave a statement to the police in which he admitted kicking the victim once, but stated that he did not mean to do so.

In his sole enumeration of error, Bush complains that the evidence adduced at trial was not sufficient to support his conviction for murder. His arguments in favor of that enumeration of error are that no disinterested witnesses testified that they saw Bush kick the victim, and that the testimony of the accomplice who said he saw Bush kick the victim and laugh and brag about it later was not corroborated as is required by OCGA § 24-4-8.

Several disinterested witnesses identified Bush as one of the persons in the smaller group which kicked the victim to death. One of his co-indictees testified that Bush kicked the victim, and Bush himself made a statement to that effect. The jury is the judge of the credibility of witnesses (*Brannon v. State*, 266 Ga. 667, 668 (469 SE2d 676) (1996)), so the truthfulness of those witnesses, including that of Bush's accomplice, was for the jury to decide. *Willingham v. State*, 262 Ga. 324 (2) (c) (418 SE2d 25) (1992). Although Bush attempted to ameliorate the effect of his statement by adding that he did not mean to kick the victim, the jury was entitled to disbelieve the self-serving part of Bush's statement and to believe the part in which he admitted kicking the victim. *Brannon*, supra.

With regard to the need for corroboration of the accomplice's testimony, we note the following:

It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. [Cits.] Slight evidence from an extraneous source identifying

criminal gang activity, the latter of which count was quashed by the trial court. At a trial held on August 23, 1995, the jury found Bush guilty of felony murder and aggravated assault, and the trial court sentenced him to life imprisonment for the felony murder (the conviction for aggravated assault was vacated by operation of law (OCGA § 16-1-7)). Bush filed a notice of appeal on August 31, 1995, and the appeal was docketed in this Court on November 13, 1996, and was submitted for decision on the briefs.

the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cits.] The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. [Cit.]

*Myers v. State*, 260 Ga. 412 (3) (395 SE2d 811) (1990). The testimony of the witnesses who placed Bush in the smaller group kicking the victim, and Bush's own testimony, were sufficient to meet the standard set out above.

The evidence adduced at trial was sufficient to authorize a rational trier of fact to find Bush guilty beyond a reasonable doubt of felony murder with aggravated assault as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Duffy v. State*, 262 Ga. 249 (3) (416 SE2d 734) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Ernie M. Sheffield, Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, John A. Warr, Assistant District Attorney, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.