## S97A1659. FLEMING v. THE STATE.
(497 SE2d 211)

HUNSTEIN, Justice.

Maurice Fleming was sentenced to life imprisonment for the felony murder of Robert Franklin Hodges.[1] Finding no reversible error,

---

[1] The homicide occurred on October 8, 1993. Fleming was indicted on December 13, 1993 in Liberty County on charges of murder and armed robbery. The State filed a pre-indictment notice of intent to seek the death penalty December 9, 1993. Fleming was tried before a Screven County jury and found guilty of felony murder and armed robbery on June 21, 1996. The jury returned a sentence of life imprisonment on June 22, 1996. The trial court

we affirm.

1. Evidence adduced at trial authorized the jury to find that appellant had talked with others about robbing the victim's grocery store some weeks before October 8, 1993. On that day, appellant and Cedric Brown discussed the need to leave town due to the fact that both men had failed to appear at a scheduled court hearing that morning and knew bench warrants had issued for them. The two men, together with Jamel Jenkins and Shawn Brown, decided to rob the victim's grocery store to obtain money to leave town. The four men went to the store in a car driven by Terry Roberts. Cedric Brown was armed with a brown Titan .25 calibre pistol; Jenkins used a chrome or nickel plated .25 pistol with a white grip, which appellant had taken from a cousin. Roberts parked the car behind the store and remained with it while appellant and the other three men went into the store. The men left after finding too many people in there. While waiting for the store to empty out, Cedric Brown discussed the need to kill the victim because he would be able to identify them. Thereafter, appellant and the other men returned and reentered the store. Cedric Brown demanded money from the victim and both he and Jenkins shot the victim after the man refused to comply. The victim died of five gunshot wounds to his head, neck and upper shoulder which were inflicted by two separate .25 calibre pistols. Money, food stamps, personal checks and toiletries were stolen from the store. The four men returned to the car and Roberts drove away while Cedric Brown divided the money taken from the store. Appellant received $180. Roberts drove them to Savannah where appellant, Cedric Brown, and Jenkins fled by bus to Miami, Florida. After Roberts turned himself in to police the next day, Georgia and Florida law enforcement authorities tracked appellant and the others to a motel in Opa-Locka, Florida. A food stamp issued to a Riceboro resident who traded at the victim's store was found in appellant's motel room.

In his statements to the police, appellant admitted he knew about the armed robbery plan before he went to the grocery store and heard the discussion about killing the victim before he returned to the grocery store the second time. Although in his first statement appellant claimed he was only "pushing the door open" when Cedric Brown demanded money from the victim and fired the first shot, when confronted with the inconsistencies in his statement (namely, his description of items that could not have been viewed by someone in the doorway), appellant admitted in his second statement that he

---

merged the armed robbery into the felony murder conviction and entered judgment on Fleming's sentence that same day. His motion for new trial, filed July 22, 1996 and amended on March 26, 1997, was denied on June 10, 1997. A notice of appeal was filed June 19, 1997 and the case was docketed on July 7, 1997. The appeal was orally argued on October 14, 1997.

did go inside the doorway.

We find this evidence sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder with armed robbery as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In the only enumerated error argued orally before this Court, appellant contends that the trial court committed reversible error when it failed to give the jury his written request No. 13, that a conviction cannot be had on the uncorroborated testimony of an accomplice. See OCGA § 24-4-8. However, it is well established that a confession alone is sufficient to corroborate the testimony of an accomplice. *Meeker v. State*, 249 Ga. 780 (3) (294 SE2d 479) (1982); *Sims v. State*, 229 Ga. 33, 34 (189 SE2d 68) (1972); *Spencer v. State*, 192 Ga. App. 822 (2) (386 SE2d 705) (1989). Hence, this Court recognized when affirming the conviction of appellant's co-indictee, Jamel Jenkins, that "[i]t is not error to fail to give a charge on corroboration of accomplices where the State relies upon other evidence, including a defendant's confession, apart from the accomplice's testimony. [Cits.]" *Jenkins v. State*, 268 Ga. 468, 472 (9) (491 SE2d 54) (1997). Because the evidence adduced by the State in this case, which included appellant's confession, amply corroborated the testimony of Roberts, we find no reversible error here.

3. Because appellant was not convicted of malice murder and not sentenced to death or life without parole, the following enumerations are moot: 10, 14-18, 22, 23, 25, 26, 28-42, 44-55, 57-72, 93, 95, 97, and 100.

4. We find no abuse of the trial court's discretion in denying appellant's pretrial motion for recordation of grand jury proceedings, see *Frazier v. State*, 257 Ga. 690 (6) (362 SE2d 351) (1987), or motion for daily transcripts of the proceedings. See *McKenzie v. State*, 248 Ga. 294 (2) (282 SE2d 95) (1981). In nine enumerations appellant challenges the trial court's denial of various pretrial defense motions regarding information possessed by the prosecution.[2] The record reveals that the trial court granted appellant's motion for disclosure of all information favorable to the defense and found in other orders that the defense had been provided all exculpatory material from the police reports as required by *Brady v. Maryland*, 373 U. S. 83 (83 SC

---

[2] Those motions requested disclosure of the psychiatric history of all the State's witnesses; discovery of the criminal or juvenile records of the State's witnesses and potential witnesses; disclosure of all information favorable to the defense; disclosure of evidence shown to witnesses in the form of diagrams, photographs, etc.; production of police and law enforcement reports; production of police officers' notes; inspection of witness' statements; production of tape-recorded statements of co-indictees and all other connected persons; and production of all non-recorded statements of co-defendants.

1194, 10 LE2d 215) (1963).[3] Appellant has not shown how he was harmed by the trial court's ruling on any of these motions. See *Hill v. State*, 248 Ga. 304 (2) (283 SE2d 252) (1981). Accordingly, we find no merit in these enumerations.

5. In regard to the jury, appellant was not entitled to review the prosecution's jury records, *Tharpe v. State*, 262 Ga. 110 (3) (416 SE2d 78) (1992), so we find no error in the denial of appellant's request for the State to disclose all of its information on the jurors prior to selection. The trial court did not abuse its discretion in excusing juror Fred Ella Oliver for lack of impartiality, see *Perry v. State*, 264 Ga. 524 (2) (448 SE2d 444) (1994), and correctly refused to excuse juror Buie for the casual contact the juror had with the victim in this case. Compare *Lively v. State*, 262 Ga. 510 (1) (421 SE2d 528) (1992).

6. We have carefully reviewed the record in regard to the State's use of its peremptory strikes to remove nine African-Americans from the jury and find no error in the trial court's ruling that the State's reasons for its strikes were concrete, tangible and racially neutral. See generally *Russell v. State*, 267 Ga. 865 (2) (485 SE2d 717) (1997). In specific, we note that seven of the jurors were struck based on their stated aversion or indecision to rendering a judgment or imposing a sentence of death, see *Tharpe*, supra, 262 Ga. at 112 (6), and the remaining two jurors were struck due to the criminal entanglements or convictions of family members. See *Henry v. State*, 265 Ga. 732 (2) (462 SE2d 737) (1995).

7. In several related enumerations, appellant challenges argument by the prosecutor and the admission of testimony by appellant's cousin and a statement by appellant regarding the theft of the .25 calibre pistol from the cousin's home. Initially, we note that the prosecutor's failure to include the cousin on the State's witness list was remedied by the trial court allowing the defense to interview the cousin before the testimony was given and thus the trial court did not abuse its discretion in allowing the cousin to testify. See *Berry v. State*, 268 Ga. 437, 440 (490 SE2d 389) (1997). As to the evidence itself, we find no abuse of the trial court's discretion in admitting testimony that the cousin's pistol, a weapon of the same type and identical appearance to the murder weapon Jenkins received from appellant, was taken shortly after appellant gained access to the weapon at the cousin's home, since this evidence was clearly relevant at appellant's trial to show where the murder weapon came from. The

---

[3] Because this was a death penalty case, the trial court complied with the Unified Appeal Procedure, OCGA § 17-10-35.1, and certified its rulings on all pretrial procedures. This Court reviewed one pretrial ruling in *Fleming v. State*, 265 Ga. 541 (458 SE2d 638) (1995). Appellant's application for interim appellate review was denied April 17, 1996. *Fleming v. State*, S96R0971.

fact that this evidence may have incidentally placed appellant's character in issue did not render the evidence inadmissible. *Waldrip v. State*, 267 Ga. 739 (11) (482 SE2d 299) (1997). Thus, we find no error in the State's reference to this evidence in its opening statement or the denial of appellant's motion for mistrial in this regard.

8. Appellant challenges two evidentiary rulings by the trial court.

(a) The trial court properly refused to allow appellant to cross-examine witness Garman regarding a document the witness did not prepare and did not know about where the purpose of the cross-examination was to impeach the witness, not refresh his recollection. OCGA § 24-9-83; see *Zielinski v. Clorox Co.*, 215 Ga. App. 97 (3) (a) (450 SE2d 222) (1994).

(b) Contrary to appellant's contention, Officer Moran's testimony regarding the reason why he reinterviewed appellant constituted testimony regarding a fact, not an inadmissible statement of opinion. This being appellant's sole objection to this evidence, we find no error in the admission of the officer's testimony. See generally *Barber v. Gillett Communications*, 223 Ga. App. 827, 830 (479 SE2d 152) (1996).

9. Appellant did not invoke his right to counsel for Fifth Amendment purposes when he completed a financial form requesting the appointment of an attorney for Sixth Amendment purposes. *State v. Hatcher*, 264 Ga. 556 (448 SE2d 698) (1994). Accordingly, the trial court did not err by admitting appellant's statement made after the form was completed.

10. There was no error in the use of written transcripts of oral recorded statements to aid the jury in understanding the tapes. Contrary to appellant's contention, the record reveals that the transcripts were not admitted into evidence.

11. Given the parties' stipulation that a bench warrant was issued for appellant on the day of the murder when appellant missed a court hearing that same morning, the prosecutor's statement in closing that appellant had received notice of the scheduled hearing prior to the hearing date was a reasonable inference from the evidence. The allowance of this argument was not error. See *Johnson v. State*, 258 Ga. 856 (6) (376 SE2d 356) (1989).

12. Under the facts in this case, the trial court did not err by giving a charge on conspiracy. OCGA § 16-4-8. See also *Jenkins*, supra, 268 Ga. at 468 (9). In light of the charge as a whole and the verdict form submitted to the jury, we find no error in the trial court's charge regarding the verdict options available to the jury.

*Judgment affirmed. All the Justices concur, except Benham, C. J., who dissents.*

BENHAM, Chief Justice, dissenting.

Because the majority opinion holds that the trial court did not commit reversible error in failing to give Fleming's requested charge on the necessity of corroboration of an accomplice's testimony, I must dissent to the affirmance of Fleming's conviction.

Fleming requested in writing a charge on the principle that a conviction cannot be had on the uncorroborated testimony of an accomplice. See OCGA § 24-4-8. The trial court failed to give that instruction. At the conclusion of the jury charge, Fleming's counsel reserved objections for appeal. Fleming now contends, and I am compelled to agree, that the trial court's failure to charge as requested requires reversal of his conviction.

The majority opinion ignores both an important and applicable principle of law and a key difference between this case and the co-indictee's case. In so doing, the majority opinion weakens the statutory principle on which Fleming's request to charge is based.

The principle ignored by the majority opinion is that the jury could have chosen to disbelieve the corroborating evidence, including Fleming's confession. " 'The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. [Cit.]' " *Bush v. State*, 267 Ga. 877, 878 (485 SE2d 466) (1997). Thus, the mere fact that there is other evidence which could serve as corroboration does not dispense with the need for the requested charge because the jury, as the exclusive judges of credibility, could have rejected the other evidence and convicted solely on the accomplice's testimony.

The key difference between this case and the one chiefly relied upon by the majority opinion *(Jenkins v. State*, 268 Ga. 468 (9) (491 SE2d 54) (1997)), is that, although the opinion in that case does not say so, the record of that case shows that Jenkins did not request a charge on corroboration. Thus, *Lanford v. State*, 148 Ga. App. 377 (2) (251 SE2d 395) (1978), cited in the *Jenkins* opinion, was appropriate authority there, holding that when "the state does not rely wholly on the evidence of the accomplice to connect the defendant to the crime charged, it is not incumbent *without request* to charge on corroboration. [Cit.]" (Emphasis supplied.) That holding, and the holding in *Jenkins* quoted in the majority opinion, are not, however, appropriate authority in this case because Fleming's counsel did request the charge.

The phrasing of the majority opinion's holding, and the phrasing in *Jenkins*, do violence to the statutory principle in aid of which the requested charge should be given. The majority holds that there is no need for the charge "where the State relies on other evidence, including a defendant's confession, apart from the accomplice's testimony." The case cited in *Jenkins* in support of that proposition (other than

*Lanford*) was *Hall v. State*, 241 Ga. 252 (7) (244 SE2d 833) (1978), where this Court held that the charge was not required because "there were other witnesses to the crime . . . ." The majority opinion in this case broadens the scope of the evidence which obviates the need for the jury charge from "other witnesses to the crime" to "other evidence."

The proper rule applicable to this case, consistent with the holding in *Hall*, is that a requested charge on the principle in OCGA § 24-4-8 must be given unless there is evidence other than an accomplice's testimony which directly connects the defendant to the crime. See, e.g., *Maddox v. State*, 136 Ga. App. 370 (4) (221 SE2d 231) (1975), where the defendant's own testimony and evidence that a car similar to the defendant's was seen in town before and after the crime, were sufficient to corroborate an accomplice's testimony, but the failure to give the requested charge on the requirement of corroboration required a new trial. Because there was no testimony in this case other than the accomplice's which directly connected Fleming to the crime, I am convinced that the majority opinion is incorrect in finding no reversible error in the failure to charge. I must, therefore, dissent.

DECIDED MARCH 16, 1998 —
RECONSIDERATION DENIED APRIL 1, 1998.

*Ray C. Smith*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.