A00A2297. AALON et al. v. THE STATE.
(543 SE2d 78)

BARNES, Judge.

Abdulrazar Aalon and Mustaf Mohamed appeal their convictions of entering an automobile. They argue that the trial court erred in denying their motion for a mistrial due to a violation of the rule of sequestration, in allowing the State to introduce evidence of a prior similar transaction without giving proper notice first, and in denying their motion for new trial because insufficient evidence supports the verdicts. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the

---

verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence at trial established that, in the early morning hours of October 20, 1998, two residents of a DeKalb County apartment complex looked out their separate apartment windows at the parking lot below. They saw three men gathered around another neighbor's car. One eyewitness testified that he saw the three men going back and forth from their car to the neighbor's car. One of the men retrieved a hanger from his car and was trying to get into the car through the driver's side window, and the other two men were going from tire to tire trying to fit a lug wrench onto the wheel lugs.

The other eyewitness testified that when he looked out, he saw one man in the driver's seat of his neighbor's car, one at the open trunk, and the third kneeling on the ground by the right rear side of the car. He asked his wife to call the police and went outside to confront the men, whom he knew. The man kneeling on the ground was trying to take the wheel off the car, and the witness asked him what he was doing and told him to get up off the ground. The man in the car said it was his and he was trying to hook up a stereo system, to which the witness replied, "Man, you ain't hooking up no doggone system, get out of that car." The witness testified that he looked in the men's car and saw a Kenwood compact disc player installed that had been stolen from him a month earlier, along with a CD case on the floorboard with his initials on it. Both witnesses identified the defendants as two of the three men they saw that night.

The victim testified that she went down to her car after the police arrived and identified as hers a piece of stereo equipment found in the trunk of the men's car. She also testified that the paint on her driver's side door was chipped and a piece of the door was hanging loose, as if someone had tried to pry it open. Finally, she saw a lug nut that had been removed from one of her wheels, lying on the ground next to a lug wrench. The police arrived, arrested the three men, and took statements from the witnesses.

1. We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find appellants guilty beyond a reasonable doubt of entering an automobile. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellants argue that the trial court erred in denying their motion for mistrial based on governmental misconduct and a violation of the rule of sequestration. Support for this motion was

based on the following exchange between the investigating detective and defense counsel:

> Q. Just prior to your testimony did you discuss the CD case with initials on it with the district attorney?
> A. Yes.
> Q. Did he tell you that that's what the prior witness had said?
> A. Did who tell me?
> Q. Did the assistant district attorney tell you that the prior witness had said in his testimony that there was a CD case with initials on it?
> A. He may have.

On redirect examination, the assistant district attorney held the following exchange with the witness:

> Q. Let's clarify, Detective. Counsel asked you previously about whether you and I had a discussion outside the courtroom; is that correct?
> A. Yes.
> Q. Did we in fact have a discussion?
> A. Yes. . . .
> Q. Did you communicate at any time to myself or to anyone else in this courtroom as to whether or not you had to leave at a certain time?
> A. Yes.
> Q. And did we have a discussion about that?
> A. Yes.
> Q. Did I ask you whether or not there were certain things you could testify to?
> A. Yes.
> Q. What did you tell me about the CD case, about any CD case that [the witness] had discussed with you?
> A. You asked me if [the witness] told me what he had seen, and I told you what he told me, which was he saw a CD case and a stereo.
> Q. In asking you that, sir, did I tell you or did I give you any indication about what any witness in here had testified to?
> A. No. Actually, before you asked that question you said that you could not tell me what was testified to.
> Q. Do you in fact recall that conversation that you had with [the witness] where he told you about the CD case and the initials on it?
> A. Yes, I do.

In denying the motion for mistrial, the trial court stated that it was satisfied, through the witness's sworn testimony, that the assistant district attorney did not discuss any witness's testimony with any other witness.

The rule of sequestration does not prohibit discussions between an attorney in the case and a prospective witness, as long as the attorney talks to him separately from the other witnesses and does not inform him of previous testimony. *Ross v. State*, 254 Ga. 22, 28 (4) (a) (326 SE2d 194) (1985). In this case, appellants argue that the district attorney indirectly told or implied to the officer that a witness had testified about initials on a CD case by telling the officer he could not tell him about other witnesses' testimony and then immediately asking what the witness saw. According to appellants, this explains why the detective testified that the assistant district attorney "may have" told him what the witness said.

> When the rule of sequestration is violated, the violation goes to the credibility rather than the admissibility of the witness' testimony. A party's remedy for a violation of the rule is to request the trial court to charge the jury that the violation should be considered in determining the weight and credit to be given the testimony of the witness.

(Citations omitted.) *Johnson v. State*, 258 Ga. 856, 857-858 (376 SE2d 356) (1989). Appellants requested no such charge here, and we find no abuse of discretion in the trial court's denial of the appellants' motion for a mistrial. See *Quijano v. State*, 271 Ga. 181, 183 (2) (516 SE2d 81) (1999).

3. The appellants argue that the trial court erred in allowing the State to present evidence regarding a previous similar transaction without proper notice and a hearing under Uniform Superior Court Rule 31. This similar transaction is the eyewitness's testimony that he saw his stolen CD player and CD case in the defendants' vehicle. However, the appellants never raised this objection at trial, and they vigorously cross-examined the eyewitness about his testimony, the investigating detective twice about the witness's statement, as well as the arresting officer. "By failing to object at trial, [the appellants] cannot raise the issue on appeal." *Williams v. State*, 267 Ga. 308, 310 (3) (477 SE2d 570) (1996). We find no error.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 28, 2000.

*Sidney L. Moore, Jr.*, for appellants.

*J. Tom Morgan, District Attorney, Kristin L. Wood, Assistant District Attorney*, for appellee.