A02A1928. HEATH v. THE STATE.
(576 SE2d 78)

MIKELL, Judge.

A jury convicted Timothy Ladell Heath of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon based on evidence that he robbed 65-year-old Ralph Woods in his home on August 29, 2000. The trial court sentenced Heath to 20 years confinement. Following the denial of his motion for a new trial, Heath filed the present appeal, arguing that the evidence was insufficient to support his conviction because the testimony of his accomplice was not adequately corroborated. We disagree and affirm.

Heath's co-defendant, Yata Nicole Milner, was convicted of armed robbery. We affirmed her conviction in *Milner v. State*, 258 Ga. App. 425 (574 SE2d 457) (2002), in which we provided a detailed summary of the evidence adduced at Milner's and Heath's trial. We will not repeat the facts here.

In the sole error enumerated on appeal, Heath argues that the testimony of Shari Jackson, an accomplice, was not sufficiently corroborated. Jackson identified Heath and Milner at the trial and testified that the three of them planned the robbery and drove to Woods' home, where they gained entry. According to Jackson, Heath brandished a weapon and struck Woods in the head. Jackson further testi-

[23] (Citations omitted; emphasis supplied.) *Howard v. State*, 204 Ga. App. 743, 744-745 (1) (420 SE2d 594) (1992).

fied that she, Heath, Milner, and another individual named Rico Carter divided the money they took from Woods' wallet. *Milner, supra.*

Heath is correct that the state must introduce evidence independent of the testimony of an accomplice in order to obtain a felony conviction. *Terry v. State,* 224 Ga. App. 157, 159 (1) (a) (480 SE2d 193) (1996). At trial, in addition to Jackson's testimony, the victim positively identified Heath as one of his attackers. However, Heath argues on appeal that Woods' identification of him was impermissibly tainted by the state's suggestion that Woods look at the defense table when asked whether he saw the man who beat him.[1] We rejected that exact argument in Division 1 of *Milner, supra* at 427-429, where we expressly held that the victim's in-court identifications of Heath and Milner were proper.[2] We reasoned that an in-court identification is not subject to the same requirements as a pre-trial lineup or photographic array and that "when a defendant is currently on trial, the state has essentially told the witness, 'this is our suspect.'" Id. at 428.

Our Supreme Court has held that "[t]he sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine." (Citation omitted.) *Bush v. State,* 267 Ga. 877, 879 (485 SE2d 466) (1997). Here, the jury found the victim's testimony sufficient to corroborate the testimony of Jackson, and we will not substitute our judgment for that of the factfinder. Accordingly, Heath's conviction is affirmed.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 9, 2003.

*Timothy J. Crouch,* for appellant.
*Fred R. Simpson, Acting District Attorney, Kay A. Wetherington, Natalee L. Staats, Assistant District Attorneys,* for appellee.

---

[1] The record shows that Woods, who was looking at the jury box at the time, initially stated that he did not see the man who beat him in the courtroom. After the state asked him to look at the defense table, Woods testified: "I believe he's the boy who . . . hit me in the head with the pistol."

[2] As we noted in *Milner,* Heath's counsel objected to the state's question of whether Woods saw his attacker at the defense table; however, it does not appear from the record that the court ruled on the objection. "A ruling must be obtained for this court to review an alleged error." (Citation omitted.) *Gonzalez v. State,* 175 Ga. App. 217 (1) (333 SE2d 132) (1985). Therefore, to the extent that Heath argues that the court erred in permitting the state to ask an impermissibly leading or suggestive question, this error presents nothing for our review.